No. 39,342

THE STATE OF KANSAS, ex rel., DORAL H. HAWKS, as County Attorney of Shawnee County, Kansas, *Plaintiff*, v. THE CITY OF TOPEKA, KANSAS, a Municipal Corporation; GEORGE G. SCHNELLBACHER, as Mayor of the City of Topeka, Kansas; LLOYD B. SMITH, as Commissioner of Water of the City of Topeka, Kansas; J. GLEN DAVIS, as Finance Commissioner of the City of Topeka, Kansas; C. MADISON WILLIAMS, as Commissioner of Streets of the City of Topeka, Kansas; and WILLIAM H. YERKES, as Commissioner of Parks and Public Property of the City of Topeka, Kansas, *Defendants*.

(264 P. 2d 901)

Opinion filed December 12, 1953.

*Otis S. Allen*, of Topeka, Kansas, argued the cause, and *Doral H. Hawks*, of Topeka, Kansas, county attorney, and *Maurice D. Freidberg*, of Topeka, Kansas, assistant county attorney, and *George S. Allen*, of Topeka, Kansas, were with him on the brief for the plaintiff.

*Frederic J. Carman*, city attorney, and *Mark L. Bennett*, both of Topeka, Kansas, argued the cause, and *James H. Hope*, and *Malcolm G. Copeland*, assistant city attorneys, of Topeka, Kansas, and *J. E. DuMars*, and *Clayton M. Davis*, both of Topeka, Kansas, were with them on the briefs for the defendants.

The opinion of the court was delivered by

THIELE, J.: This is an original action in quo warranto commenced on October 8, 1953, in which the state challenges the validity of an

ordinance of the city of Topeka annexing certain territory and seeks to have the city ousted from exercising illegal power in making the annexation.

As the matter is submitted to us on a demurrer to the petition, there is no dispute of facts. Before taking up the specific allegations of the petition, we note that exhibits attached to the petitions and plats in the briefs show that prior to the passage of the ordinance under attack the west line of the city limits was along the west side of the southeast quarter of section 34, township 11, range 15 and the west side of the northeast quarter of section 3, township 12, range 15, then west to the northwest corner of the southwest quarter of section 3 and then south from that corner along the west section line.

The ordinance in question, No. 8432, was passed August 18, 1953, and duly published. Under section 1 of the ordinance it was declared that the following described platted lands adjoining or touching the limits of the city of Topeka, and tracts not exceeding twenty acres so situated that two-thirds of any line or boundary thereof lies upon or touches the boundary line of the city, is added to, taken into and made a part of the city. Then follow three descriptions of real estate.

Description (a) is not presently involved. The second description (b) is "An unplatted tract of land containing approximately 18.2 acres located in sections 33 and 34, township 11 south, range 15" and generally described as beginning at the southeast corner of the southwest quarter of section 34; thence west along the south line of section 34 to the northeast corner of Hillsdale Subdivision (northeast corner of northeast quarter of section 4, township 12, range 15); thence westerly along the north line of that subdivision to the southwest corner of the southeast quarter of section 33; thence north 150 feet; thence east parallel with the south line of sections 33 and 34 to the east line of the southwest quarter of section 34; thence south to the place of beginning. (It is here noted that the east end of the 150-foot strip abuts the city limits along the west side of the southeast quarter of section 34 above mentioned.) The third description (c) is all of Subdivision "A" Hillsdale Subdivision platted on a part of the northeast quarter of section 4, township 12, range 15, followed by a metes and bounds description showing it consists of an over-all description composed of a rectangular piece of land about one-half mile long east and west and about 735 feet

wide north and south and lying in the northeast quarter of section
4 and immediately south of the west half of the strip of land in
description (b), and another rectangular piece of land immediately
to the south of the first mentioned rectangle, and being a strip about
1,927 feet long north and south and 155 feet wide east and west and
lying immediately west of the east line of section 4. (It is here
noted that the southeast corner of description (c) is the southeast
corner of the northeast quarter of section 4 and corners with the
present city limits on the north and west sides of the southwest
quarter of section 3, township 12, range 15.) In section 2 of the
ordinance it is declared that the northwest quarter of section 3,
township 12, range 15 (Mount Hope Cemetery) although included
in the outer boundary of the city as described in section 3 of the
ordinance is not a part of the city. In section 3 it is declared
that upon the taking effect of the ordinance the corporate limits
and boundary line shall be as are there set forth. Other sections of
the ordinance need not be detailed here.

In its petition the state alleges the status of the city of Topeka and
its governing body and that on August 18, 1953, the city adopted
its ordinance No. 8432 whereby it attempted to annex to the city the
land heretofore referred to as description (b); that the land is 150
feet in width and approximately one mile in length and is a part
of four separate tracts each of which is separately owned and each
of which contains forty acres or more; that none of the tracts are
platted; that the addition of the land described would not make the
boundary line of the city straight or harmonious but would create
a narrow strip extending west from the city and entirely discon-
nected from the city except the east end of 150 feet; that the north
line of said land is parallel to the south line and 150 feet from it,
the south twenty-five feet being a public highway (Huntoon Street
extended which runs west on a line between sections 33 and 34,
township 11 on the north and sections 4 and 3, township 12 on the
south); that the remaining 125 feet includes lands owned by four
different persons, the east 80 rods is a part of a tract of 80 acres
owned by one person, the next 80 rods is a part of a tract of 40 acres
owned by a second person, the third 80 rods is a part of a tract of
40 acres owned by a third person, and the fourth 80 rods is part of
a tract of over 40 acres owned by a fourth person, and that the an-
nexation would constitute an unlawful usurpation of power by the
city and the ordinance is void. It is further alleged that by the or-

dinance the city also attempted to annex the lands included in description (c) and, in substance, that the only place where those lands adjoin or touch the city is at the common point where the boundary line at the southeast corner of the northeast quarter of section 4 meets the boundary line at the northeast corner of the northwest quarter of section 5, both in township 12, range 15. The state further alleges that insofar as the ordinance attempts to change the boundaries of the city so as to include either the lands described in (b) or (c) it is null and void.

The city's demurrer is on the ground facts sufficient to constitute a cause of action are not stated.

It is clear from its brief that the city relies upon G. S. 1949, 13-1602 as giving it authority to enact the ordinance under attack. For our purposes that statute reads:

"Whenever any land adjoining or touching the limits of any city has been subdivided into blocks and lots, or whenever any unplatted piece of land lies within (or mainly within) any city, or any tract not exceeding twenty acres is so situated that two-thirds of any line or boundary thereof lies upon or touches the boundary line of such city, said lands, platted or unplatted, may be added to, taken into and made a part of such city by ordinance duly passed. Said ordinance shall describe the platted lands by giving the name of the addition or subdivision as platted, and by giving the metes and bounds of the unplatted lands, with the section, township, range and county in which the same are located. In adding territory to any city, if it shall become necessary, for the purpose of making the boundary line straight or harmonious, a portion of a piece of land may be taken into such city, so long as such portion of the piece taken in does not exceed twenty acres: . . ."

Preliminary to discussing the specific contentions later considered, and for the purpose of clarification, some general observations are in order. The first is that the advisability of enlarging the territorial limits of a city is a legislative function which cannot be delegated to the court (*Ruland v. City of Augusta,* 120 Kan. 42, 242 Pac. 456). The duty of the court is only to determine whether under the facts the city has statutory authority to enact the ordinance under attack (*State, ex rel., v. City of Kansas City,* 169 Kan. 702, 222 P. 2d 714). The second is that cities are creations of the legislature and can exercise only the powers conferred by law, they take no power by implication and the only powers they acquire in addition to those expressly granted are those necessary to make effective the power expressly conferred. (*State v. Hannigan,* 161 Kan. 492, 170 P. 2d 138, and cases cited, and *Yoder v. City of Hutchinson,* 171 Kan. 1, 8, 228 P. 2d 918.) The third is that, al-

though admitted by the demurrer, the fact discernible from the plats is that the annexation of either or both of the lands included in descriptions (b) and (c) would not make the existing boundary line of the city straight or harmonious.

We shall first consider the state's contention that the city lacked power to annex the unplatted land of approximately 18.2 acres in description (b) above noted. With reference to some contention that the word "tract" as used in the quoted statute means one connected specific body of land, and that the land in description (b) being owned by four different persons cannot be a "tract," the state directs our attention to *Randal v. Elder*, 12 Kan. 257, *Linn County Bank v. Hopkins*, 47 Kan. 580, 28 Pac. 606, and *Commercial Nat'l Bank v. Carnahan*, 128 Kan. 87, 276 Pac. 57. Each of the above cases dealt with the proposition that a homestead must consist of only one tract or body of land. We think a mere reading of those opinions shows they are not controlling here. In any event, the contention made by the state is contrary to *Hurla v. Kansas City*, 46 Kan. 738, 27 Pac. 143, arising under a different statute, and to *State, ex rel., v. Kansas City*, 122 Kan. 311, 252 Pac. 714, arising under a statute which, for present purposes, is identical with that above quoted, it being said in the latter case that "piece of land" as used in the statute, may be a tract with one owner or it may be in many tracts with many owners.

The state also directs attention to the fact that the lands included in description (b) represent only the south 150 feet of the tracts of 80, 40, 40, and over 40 acres, and that the city is without power under the statute to "create" tracts; that if it may take a part of larger pieces or tracts of land, and declare them tracts, by a series of subsequent ordinances with like declarations it can annex all of the above tracts, notwithstanding the statute limits the taking to "any tract not exceeding twenty acres" and thus frustrate the legislative will as declared in the statute. The contention is not that the east end of the 150-foot strip does not touch the boundary line of the city, as to which the city gives a good deal of attention, but primarily as above stated, that the city lacks power to carve a "tract" out of larger tracts of land. An answer to the contention must be found in the statute.

A mere reading of the statute discloses that there is no express provision for or any grant of power to the city to create any "tract." There is nothing about the use of the word to indicate a technical

meaning rather than an approved usage of it, and the very language of the statute "whenever any unplatted piece of land lies within . . . any city, or any tract not exceeding twenty acres" indicates that a tract means a piece of land. If that were all of the statute, perhaps it could be said that the city could designate the piece of land to be annexed, but it is not all, for the statute later provides that "In adding territory to any city, if it shall become necessary, for the purpose of making the boundary line straight or harmonious, *a portion of a piece of land* may be taken into such city, so long as *such portion of the piece taken* in does not exceed twenty acres." (Emphasis supplied.) This last provision clearly indicates that the only power the city has to take "a portion of a piece of land" is under the condition stated, and that otherwise no power exists in the city to take a portion of a piece of land and by its own fiat declare it a tract so that if its creation does not exceed twenty acres and two-thirds of any line or boundary thereof touches the city, the city may then annex it. In our opinion the statute clearly designates the powers of the city to annex all of any tract not exceeding twenty acres, but also clearly indicates the conditions when a portion of a piece of land or tract may be taken, and that it cannot be said that the statute is open to any interpretation that a general power to create tracts is necessary to make effective the powers expressly granted.

In view of our conclusion it is not necessary that we discuss any question as to whether the lands included in description (c) adjoin or touch the limits of the city, nor that we discuss many of the decisions cited in the briefs.

Under G. S. 1949, 13-1601 (Laws 1907, chapter 114, paragraph 7), it is provided that the corporate limits of any city shall remain as they are and until changed by ordinance, and upon a change being made, the entire boundary as changed shall be declared in one ordinance. A like provision has been the law of this state since the enactment of Laws 1881, chapter 37, paragraph 7. This statute was before this court in *The State, ex rel., v. City of Wichita,* 88 Kan. 375, 128 Pac. 369, where it was held that an ordinance which fails to declare the entire boundary of the city as changed, is invalid. The ordinance before us includes in its boundaries the lands in description (b) which we have held were not subject to annexation. The result is the city boundaries are not declared and the ordinance is invalid.

We conclude that the ordinance, No. 8432, of the city of Topeka, passed August 18, 1953, was an attempt by the city to exercise a power of annexation of territory to the city which it did not possess, and that the city and its governing body should be ousted from exercising its claimed power of annexation under that ordinance and enjoined from enforcing it. . And it is so ordered.