CAPITAL ELECTRIC LINE BUILDERS, INC., a Kansas Corporation, and J. H. MACKAY ELECTRIC COMPANY, INC., a Missouri Corporation, *Appellants,* v. MICHAEL LENNEN, Secretary of Revenue, *Appellee.*

(654 P.2d 464)

Opinion filed December 3, 1982.

*David Prager III,* of Hardesty & Puckett - Chartered, of Topeka, argued the cause and *Thomas F. Puckett,* of the same firm, was with him on the brief for the appellants.

*S. Luckey DeFries,* Kansas Department of Revenue, argued the cause and *Alan F. Alderson,* general counsel, was with him on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: This is a declaratory judgment action wherein petitioners seek to have K.S.A. 1981 Supp. 12-187 *et seq.* and K.A.R.

92-21-18 declared unconstitutional. The trial court held the statutes and the administrative regulation were constitutional and valid. This appeal followed. We reverse.

The facts are undisputed. Capital Electric Line Builders, Inc. (Capital Electric) is a Kansas corporation with its main corporate offices in Leavenworth. It is engaged in the business of selling, installing, repairing and maintaining electrical transmission lines, substations and electrical plant components within and without the State of Kansas as a contractor.

J. H. MacKay Electric Company, Inc., (MacKay Electric) is a Missouri corporation authorized to do business in Kansas with its offices in Kansas City, Missouri. It is a contractor engaged in the business of selling, installing and maintaining electrical systems within the State of Kansas.

The appellee, Michael Lennen, as Secretary of Revenue of the State of Kansas, under authority of K.S.A. 1981 Supp. 12-191 and K.A.R. 92-21-18 seeks to impose the Leavenworth local sales tax upon Capital Electric's gross receipts ($4,150,000) from services performed both inside and outside of Leavenworth between November 1, 1977 and June 30, 1980.

Appellee also seeks to impose local sales tax in the amount of $3,393 on services performed by MacKay Electric in Kansas cities and counties which have a local sales tax.

The issue is whether Kansas local sales tax on services applies at the place where the service is performed or at the place where the retailer's main office is located.

This controversy stems from a dispute over the interpretation of the local sales tax statutes, K.S.A. 1981 Supp. 12-187 *et seq.*

K.S.A. 1981 Supp. 12-187 authorizes cities and counties in Kansas to impose a local tax on sales and services after approval by the electorate. K.S.A. 1981 Supp. 12-189 governs the administration of the local retailers' sales tax and provides in part:

"Except as otherwise specifically provided in K.S.A. 1979 Supp. 12-189a and 12-190, such tax shall be identical in its application, and exemptions therefrom, to the Kansas retailers' sales tax act and all laws and administrative rules and regulations of the state department of revenue relating to the retailers' sales tax shall apply to such local sales tax insofar as such laws and regulations may be made applicable. The state secretary of revenue is hereby authorized to administer, enforce and collect such local sales taxes and to adopt such rules and regulations as may be necessary for the efficient and effective administration and enforcement thereof. Upon receipt of a certified copy of an ordinance or resolution authorizing the levy of a local retailers' sales tax, the state director of taxation shall cause such taxes to be collected within the boundaries of such taxing

subdivision at the same time and in the same manner provided for the collection of the state retailers' sales tax."

K.S.A. 1981 Supp. 79-3603, the state sales tax act, authorizes the imposition of the sales tax on services. Hence, the local sales tax is also properly imposed on services. K.S.A. 1981 Supp. 12-191 governs the situs of taxable transactions:

"All retail transactions consummated within a county or city having a retail sales tax, which transactions are subject to the Kansas retailers' sales tax, shall also be subject to such county or city retail sales tax, except as otherwise expressly provided in K.S.A. 1978 Supp. 12-190. All retail sales, for the purpose of this act, shall be considered to have been consummated at the place of business of the retailer. In the event the place of business of a retailer is doubtful the place or places at which the retail sales are consummated for the purposes of this act shall be determined under rules and regulations adopted by the secretary of revenue which rules and regulations shall be considered with state and federal law insofar as applicable."

Pursuant to the authority of the foregoing statutes the Department of Revenue adopted K.A.R. 92-21-18:

"Gross receipts received from the installation, maintenance, servicing and repairing of tangible personal property which are taxable under the Kansas retailers' sales tax act are applicable to the place of business out of which the repairman or serviceman works unless otherwise specified herein. If the repairman or serviceman works out of a place of business located in a city or county having local sales tax the total charge for taxable services to tangible personal property by such repairman or serviceman is subject to both state and local sales tax, regardless of where in Kansas the service or labor is performed. If a repairman or serviceman works out of a place of business located in a city or county that has not adopted local sales tax the total charge for taxable services to tangible personal property by such repairman or serviceman is not subject to local sales tax. If there is no fixed or determinable place of business in this state the place of business for local sales tax purposes shall be presumed to be the place where the services are performed.

"Gross receipts received from taxable service or maintenance agreement contracts are applicable to the place of business of the person agreeing to perform the services provided for in the contract except that in the case of persons not having an office in Kansas the place of business for local sales tax purposes shall be presumed to be the place where the contract is performed."

As a result the local sales tax on services is enforced in the following manner: (1) If a contractor with his main office in Wichita, which has no local sales tax, performs services in Leavenworth, which imposes a local sales tax, there is no tax; (2) if a contractor with his main office in Leavenworth performs services in Wichita, the tax is imposed; (3) if a contractor with his main office in Kansas City, Missouri, performs services in Wichita no

tax is imposed but if he performs the services in Leavenworth the tax is imposed.

Appellants argue the local sales tax statutes and administrative regulations create three different classes of taxpayers of like circumstances who are treated differently in violation of the Equal Protection Clause of the Federal and State Constitutions. They also contend K.A.R. 92-21-18 authorizes a municipality to extend its taxing power beyond its own boundaries and is therefore invalid.

On the other hand, appellee argues the classifications created by statute and regulation are constitutionally permissible. Appellee also argues the local sales tax on services is not imposed on persons outside the boundaries of political subdivisions. It claims since the "legal incidence" of the tax is imposed on the retailer, the tax is actually collected within the boundaries of the taxing unit which imposes the tax.

Let us examine these issues. It is well recognized that municipalities are creatures of the legislature having only the power conferred upon them by law. Local government has no power by implication. It acquires no powers except those expressly granted and those necessary to make the express powers effective. *State, ex rel., v. City of Overland Park,* 215 Kan. 700, 709, 527 P.2d 1340 (1974); *State, ex rel., v. City of Topeka,* 175 Kan. 488, Syl. ¶ 2, 264 P.2d 901 (1953); 56 Am. Jur. 2d, Municipal Corporations § 228, p. 288. The restriction on municipal powers also applies to territory. A municipality's jurisdiction ends at the municipal boundary absent specific legislative authorization.

The appellee's argument that the local sales tax on services is collected within the boundaries of the taxing authorities does not withstand inspection.

K.S.A. 79-3604 provides: "The tax levied hereunder shall be paid by the consumer or user to the retailer . . . ." The retailer has the duty of collecting the tax. See *Kansas City Millwright Co., Inc. v. Kalb,* 221 Kan. 658, 661, 562 P.2d 65 (1977). Further, K.S.A. 79-3605 makes it unlawful for a retailer to hold out to the public he will assume or absorb the tax. Finally, in *Southwestern Bell Tel. Co. v. State Commission of Revenue and Taxation,* 168 Kan. 227, 233, 212 P.2d 363 (1949), the court stated, "There is one basic principle about our sales tax act. It is that the

ultimate consumer should pay the tax . . . ." See also *R. L. Polk & Co. v. Arnold,* 215 Kan. 653, 527 P.2d 973 (1974).

Since K.A.R. 92-21-18 authorizes the local taxing unit to collect the sales tax on services outside its jurisdiction we must examine that regulation to determine whether it is within the statutory authority conferred upon the Secretary of Revenue. If not, the regulation is void. *Woods v. Midwest Conveyor Co.,* 231 Kan. 763, 648 P.2d 234 (1982). On appeal a rebuttable presumption of validity attaches to a challenged administrative regulation. The burden of proof rests with the party or parties attacking the regulation. *Country Club Home, Inc. v. Harder,* 228 Kan. 756, 763, 620 P.2d 1140 (1980).

K.S.A. 1981 Supp. 12-191 imposes the local sales tax on all retail transactions consummated within a county or city having a retail sales tax. For the purposes of the act retail sales "shall be considered to have been consummated at the place of business of the retailer." Under the provisions of K.S.A. 1981 Supp. 79-3602(*c*) a sale of services is included within the definition of "retail sale." Thus, if the "place of business" of the retailer who sells services outside the boundaries of the taxing district is considered to be within the taxing district, the sale is then consummated within the taxing authority and valid.

The definition of "place of business" within the context of K.S.A. 1981 Supp. 12-191 is important to the resolution of this controversy. If there is no question as to the meaning of the phrase "place of business," the statute must be applied accordingly. Where a statute is clear and unambiguous, the court must give effect to the legislative intent therein expressed rather than make a determination of what the law should or should not be. Thus, no room is left for statutory construction. *Randall v. Seemann,* 228 Kan. 395, 397, 613 P.2d 1376 (1980); *State v. V.F.W. Post No. 3722,* 215 Kan. 693, 695, 527 P.2d 1020 (1974).

Here, however, the meaning of the phrase, "place of business" is ambiguous. It may refer to the main office of the business, as the appellee contends, or again it may denote the place where the services are actually performed, as appellants argue. We conclude the term is subject to judicial construction.

The fundamental rule for construction of a statute is that the purpose and intent of the legislature governs when it can be ascertained from the statute. *State v. Wood,* 231 Kan. 699, 701, 647 P.2d 1327 (1982). The legislative intent is determined by

considering the entire statute, not merely isolated parts. Further, statutes *in pari materia* must be read together. *State ex rel. Stephan v. Harder,* 230 Kan. 573, 580, 641 P.2d 366 (1982); *Brown v. Keill,* 224 Kan. 195, Syl. ¶ 4, 580 P.2d 867 (1978); *Gnadt v. Durr,* 208 Kan. 783, Syl. ¶ 3, 494 P.2d 1219 (1972).

Pursuant to K.S.A. 1981 Supp. 79-3603 the sales tax is imposed on the "privilege of . . . rendering or furnishing any of the services taxable under this act." Thus it would seem consistent with legislative intent that "place of business" is the place where services are actually rendered. Further, K.S.A. 1981 Supp. 12-189 states the local sales tax shall be "collected within the boundaries of such taxing subdivision . . . ." Since sales tax is "collected" by the retailer (K.S.A. 79-3604) it is logical to believe the legislature intended "place of business" to mean the place where the services are rendered. To construe the phrase otherwise is to allow the retailer to collect sales taxes outside the boundaries of the taxing subdivision. Such a construction also allows the creation of the three classes of retailers about which appellants complain, raising a serious constitutional question about the statute. It is this court's duty, however, to construe a statute in such a way as to make it constitutionally valid if there is any reasonable way to do so. *State ex rel. Murray v. Palmgren,* 231 Kan. 524, 532, 646 P.2d 1091 (1982); *Von Ruden v. Miller,* 231 Kan. 1, 3, 642 P.2d 91 (1982). Thus, in constitutional terms, a "place of performance" construction is preferred.

Finally, K.S.A. 1981 Supp. 12-191 provides in pertinent part:

"Retail sales involving the use, consumption, or furnishing of gas, water, electricity and heat, for the purposes of this act, shall be considered to have been consummated at the situs of the user or recipient thereof, and retail sales involving the use or furnishing of telephone service, shall be considered to have been consummated at the situs of the subscriber billed therefor."

This statute shows a legislative intent to tax utility services at the place the service is delivered.

Cases from other jurisdictions support the "place of performance" interpretation of the phrase "place of business." The validity of the holding in *Fabick and Company v. Schaffner,* 492 S.W.2d 737 (Mo. 1973), a case upon which appellee relies, has been called into question by *Mobil-Teria Catering Co., Inc. v. Spradling,* 576 S.W.2d 282 (Mo. 1978), which involved the Public Mass Transportation Tax and the Transportation Sales Tax. Spe-

cific Missouri cities were authorized to enact a sales tax of .5% of gross receipts. Both statutes contain the familiar clause stating "all retail sales shall be deemed to be consummated at the place of business of the retailer  . . . ." Mo. Rev. Stat. ¶ 92.408(5) (1978), and Mo. Rev. Stat. ¶ 94.620(5) (1978). Mobil-Teria was in the business of providing cigarettes, sandwiches, coffee and other food items to persons at construction, industrial and other job sites in the Kansas City area. Approximately sixty-five trucks were dispatched daily from the main office in Kansas City, Missouri. The Missouri Department of Revenue attempted to assess local sales taxes on sales made from trucks in areas outside Kansas City where no local sales tax had been enacted. Mobil-Teria challenged the assessment.

The Missouri Supreme Court ruled in favor of Mobil-Teria. The court stated that for the purposes of this case, "place of business" referred to "the place where the trucks are parked, the wares are displayed, the initial orders are taken and filled, payments therefore are made, and the sales are thereby consummated." 576 S.W.2d at 284. The court also stated, "We decline to overrule *Fabick* at this time." It distinguished *Fabick* by pointing out there "the sales were not, as in this case, initiated *and* consummated" outside the limits of the taxing authority. 576 S.W.2d at 284.

The Texas Court of Civil Appeals also had occasion to interpret the phrase "place of business" within the context of that state's similar local sales tax act. *Bullock v. Dunigan Tool & Supply Co., Inc.,* 588 S.W.2d 633 (Tex. Civ. App. 1979), involved a retailer who sold various supplies and equipment associated with oil and gas production. Much of Dunigan's inventory was stored in "pipe facilities" throughout the state. After making a sale Dunigan's salesmen would check at a pipe facility to see if the product was available, write up a purchase order and then release the product to the customer from the facility where it was stored.

The Texas Comptroller of Public Accounts claimed Dunigan owed local sales tax on goods sold from storage facilities in a taxing city. The Court agreed, holding the storage facilities could be considered places of business under the statute because:

"The goods were separated there; Dunigan's employees had access to them at any time; the goods were shown to the customers there; and, most importantly, the customers took physical possession of the goods at that place." 588 S.W.2d at 636.

The foregoing cases deal with local sales tax on goods, not services. That, however, does not lessen their relevance. They discuss the meaning of the phrase "place of business" within the context of local sales tax statutes. They illustrate "place of business" is not limited to the main office of the retailer.

In light of this authority we find appellee's argument is without merit and we hold "place of business" as it pertains to local sales tax on services to mean the place where the services are performed.

Thus, we hold K.A.R. 92-21-18 exceeds the statutory authority conferred on the Secretary of Revenue by K.S.A. 1981 Supp. 12-187 *et seq.*

The judgment of the trial court is reversed.

PRAGER, J., not participating.