No. 54,308

CAPITAL ELECTRIC LINE BUILDERS, INC., a Kansas Corporation, and
J. H. MACKAY ELECTRIC COMPANY, INC., a Missouri Corporation,
*Appellants*, v. MICHAEL LENNEN, Secretary of Revenue, *Appellee.*

(658 P 2d 365)

Opinion filed
February 2, 1983, modifying opinion filed December 3, 1982, and denying
rehearing. (For original opinion reversing see *Capital Electric Line Builders,
Inc. v. Lennen,* 232 Kan. 379, 654 P.2d 464 [1982].)

*David Prager III,* of Hardesty & Puckett - Chartered, of Topeka, argued the
cause and *Thomas F. Puckett,* of the same firm, was with him on the brief for the
appellants.

*S. Lucky DeFries,* Kansas Department of Revenue, argued the cause and *Alan
F. Alderson,* general counsel, was with him on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: Appellees filed a motion for rehearing or modification. We deny rehearing but modify our original opinion filed December 3, 1982, 232 Kan. 379, 654 P.2d 464 (1982).

In our prior opinion we stated:

"Municipalities are creatures of statute and acquire no powers except those
expressly granted and those necessary to make the express powers effective.
Absent specific legislative authorization a municipality's jurisdiction ends at the
municipal boundary." Syl. ¶ 1.

"It is well recognized that municipalities are creatures of the legislature having
only the power conferred upon them by law. Local government has no power by
implication. It acquires no powers except those expressly granted and those
necessary to make the express powers effective. *State, ex rel., v. City of Overland
Park,* 215 Kan. 700, 709, 527 P.2d 1340 (1974); *State, ex rel., v. City of Topeka,*
175 Kan. 488, Syl. ¶ 2, 264 P.2d 901 (1953); 56 Am. Jur. 2d, Municipal Corporations § 228, p. 288. The restriction on municipal powers also applies to territory.
A municipality's jurisdiction ends at the municipal boundary absent specific
legislative authorization." 232 Kan. at 382.

The above cited portions of the opinion are hereby modified to read:

Syllabus paragraph 1: "With regard to matters outside the sphere of local affairs and government, Article 12, § 5 of the Kansas Constitution, municipalities are creatures of statute and acquire no powers except those expressly granted and those necessary to make the express powers effective. Absent specific

legislative authorization a municipality's jurisdiction ends at the municipal boundary."

232 Kan. at 382: "With regard to matters outside the scope of local affairs and government, Article 12, § 5 of the Kansas Constitution, municipalities are creatures of statute and acquire no powers except those expressly granted and those necessary to make the express powers effective. Absent specific legislative authorization a municipality's jurisdiction ends at the municipal boundary."

The decision here announced will control the rights of the parties to this litigation, the rights of all taxpayers having pending actions before the Director of Taxation, the Board of Tax Appeals or in the courts of this state challenging the validity of the tax on the effective date of this decision, January 1, 1983, but in all other cases this decision shall be applied prospectively from its effective date.

We adhere to the original opinion in all other respects.