No. 58,368

STEPHEN P. MADDEN and MARYANN M. MADDEN, *Appellants*, v. THE GOVERNING BODY OF THE CITY OF LENEXA, KANSAS, *Appellee.*

(721 P.2d 261)

Opinion filed June 13, 1986.

*Eugene T. Hackler,* of Hackler, Londerholm, Corder, Martin & Hackler, Chartered, of Olathe, argued the cause and was on the briefs for appellants.

*Gerald E. Williams,* of Gage & Tucker, of Overland Park, argued the cause and *J. Patrick Shepard,* of the same firm, was with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: The City of Lenexa, pursuant to K.S.A. 12-6a01 *et seq.*, created an improvement district which included the plaintiffs' land located outside the city limits. Prior to the improvement district's assessment hearing, the plaintiffs' land was annexed by Lenexa. The Maddens brought an action for a permanent injunction to keep the city from assessing their property for the cost of the improvement, claiming only property located inside the city at the time an improvement district is created can be taxed for the improvement. The Johnson County District Court denied the plaintiffs' motion for summary judgment and then allowed this interlocutory appeal. K.S.A. 60-2102(b). The case was transferred to this court pursuant to K.S.A. 1985 Supp. 60-2101(b).

During the early 1980's, there was an ongoing dispute between the cities of Lenexa and Olathe regarding their mutual boundary. The Maddens' land is located in the disputed area. As part of a settlement reached between the cities to resolve the dispute, Olathe de-annexed certain property, including that

owned by the Maddens, on May 17, 1983. Lenexa then commenced to annex the area de-annexed by Olathe. Through oversight, the Maddens' land was not annexed by Lenexa at that time.

On October 6, 1983, a petition to improve and extend the Santa Fe Trail Drive Water Main was submitted to the Governing Body of Lenexa, in accordance with K.S.A. 12-6a04(2). On October 13, 1983, Lenexa passed Resolution No. 83-68, creating an improvement district for the extension of the Santa Fe Trail Drive Water Main. The improvement district included property owned by the Maddens, but, at the time the resolution was passed, the property was not yet within the territorial boundaries of the City of Lenexa. The property was subsequently annexed by the city on November 15, 1984.

Legal notice of the resolution was published on October 19, 1983, as required by K.S.A. 12-6a04. Work commenced on the water main extension and continued throughout 1984.

On March 7, 1985, at the assessment hearing for the improvement district, the Maddens expressed their opposition to the method of assessment. On March 28, 1985, Lenexa passed Ordinance No. 3245, assessing the Maddens' property in the amount of $9,303.64, based on a lineal foot method proposed in Resolution No. 83-68.

The Maddens filed this lawsuit on April 25, 1985, claiming various improprieties by Lenexa in both the procedure it followed in creating the improvement district and the method of assessment of their property. The Maddens moved for summary judgment. On July 2, 1985, the district court denied their motion, finding genuine issues of fact existed as to whether the method of assessment selected placed an unfair and unequal burden upon property similarly benefited in contravention of K.S.A. 1985 Supp. 12-6a08.

The district court then found that there was a substantial difference of opinion as to whether Lenexa acted within the legislative authority granted by K.S.A. 12-6a01 *et seq.*, when it included the Maddens' property in the improvement district and later assessed the property for the costs of improvements. The Maddens were given permission by the district court to seek an immediate appeal. K.S.A. 60-2102(b).

The Maddens contend that Lenexa acted outside its statutory authority in creating the improvement district prior to the time

the Maddens' property was annexed into the city and that any ordinance authorizing assessment of plaintiffs' property to pay for the benefit district is void. Lenexa contends that it did not act outside its statutory authority in creating the improvement district.

Municipal authorities are vested with broad discretion in establishing improvement districts under K.S.A. 12-6a04, and in levying assessments against property located therein. *Davies v. City of Lawrence*, 218 Kan. 551, 545 P. 2d 1115 (1976). K.S.A. 12-6a01(f) defines "improvement district" as an area deemed by the governing body to be benefited by an improvement and subject to special assessment for all or a portion of the cost of the improvement.

K.S.A. 12-6a02, as a complete alternative to all other methods provided by law, allows the governing body of any city to provide municipal works or improvements which confer a special benefit upon property within a definable area of the city. The city may levy and collect special assessments upon property in the area for the special benefits conferred upon the property to provide for the payment of all or any part of the cost of the work or improvement. K.S.A. 12-6a01 *et seq.* have been discussed in several cases. See *Board of Education v. City of Topeka*, 214 Kan. 811, 814, 522 P.2d 982 (1974) and cases cited therein.

The Maddens claim that "property within a definable area of the city" means that only that property which has already been annexed to the city can be included in an improvement district. Lenexa argues that that phrase means that the property does not actually have to be within the city's boundaries to be included in an improvement district. It argues that land lying outside the city limits can be included in an improvement district, but cannot be taxed by the city for the benefit received.

Lenexa cites two cases where cities in Kansas have completed improvements outside their corporate limits. In *Cow Creek Valley Flood Prevention Ass'n v. City of Hutchinson*, 166 Kan. 78, 200 P.2d 279 (1948), the city was allowed to complete a flood control plan that affected land both within and without the city limits. G.S. 1935, 12-635 (1945 Supp.) authorized cities to initiate condemnation proceedings for acquisition of rights of way by ordinance or resolution within or without city limits.

In *Barrett v. City of Osawatomie*, 131 Kan. 50, 289 Pac. 970

(1930), this court considered a statute allowing the construction of water lines outside the city. It was determined the city could build such water mains as it found necessary, but it could not levy or assess taxes outside of its own territory. Chapter 120 of the Laws of 1925 enabled cities of the second class to extend water mains and water service to territory lying beyond but adjacent to city limits.

In both cases cited, the statutes specifically granted the city jurisdiction to proceed beyond its corporate limits. K.S.A. 12-6a02 allows cities to provide municipal works or improvements which benefit property within the city. That statute is silent as to any power to proceed beyond the limits of the city.

The power of a municipality to create special benefit districts and assess the property in the district for improvements is completely controlled by statute. Local government has no power by implication. It acquires no powers except those expressly granted and those necessary to make the express powers effective. *State, ex rel., v. City of Overland Park,* 215 Kan. 700, 709, 527 P.2d 1340 (1974). The restriction on municipal powers also applies to territory. A municipality's jurisdiction ends at the municipal boundary absent specific legislative authorization. *Capital Electric Line Builders, Inc. v. Lennen,* 232 Kan. 379, 382, 654 P.2d 464 (1982). The general rule is that, absent statutory authority, municipal corporations cannot assess land lying outside their boundaries for a local improvement.

Lenexa's jurisdiction ends at its municipal boundary unless specific legislation provides authorization for the city to proceed beyond its corporate limits. K.S.A. 12-6a04 allows for the expansion of an improvement district within a city. The expanded portion of the improvement district must be composed of land lying within the city and all the affected landowners must be given notice and the right to a hearing on the advisability of creating the expanded district. Lenexa had no statutory authority to include the Maddens' land, located outside its corporate limits, in the improvement district.

Lenexa next argues that even though the Maddens' land could not be included with the improvement district under 12-6a04, the land can be assessed for the improvements because the plaintiffs' property was annexed into the city prior to the assessment hearing required by K.S.A. 12-6a09. It contends that the

Maddens' due process rights were protected because they had received notice of the inclusion of their land within the improvement district and were provided with a hearing to protest the assessment.

Lack of jurisdiction to create an improvement district beyond the city limits renders the original assessment of such land invalid and precludes a reassessment of the property benefited, except where the legislature provides a method for reassessment. A statute which permits reassessment of the benefit made originally without jurisdiction is not unconstitutional, so long as a hearing is provided to determine the amount of the assessment or reassessment itself when jurisdiction is acquired. *Cowart v. Union Paving Co.*, 216 Cal. 375, 14 P.2d 764 (1932).

McQuillin, in his treatise on Municipal Corporations, states that reassessments may be made when an original assessment is declared void, although some courts have held that such reassessments may not be made where the municipality had no authority to make the original assessment. 14 McQuillin on Municipal Corporations § 38.217 (3d ed. 1970).

Courts in other jurisdictions are divided as to whether a reassessment can be made when the original assessment is invalid for jurisdictional reasons. For a discussion of this issue refer to Annot., 83 A.L.R. 1190.

Where an assessment under a statute is defective, or cannot be imposed because of defective proceedings, a reassessment or a new assessment which is not defective or which is made in accordance with valid proceedings may be imposed upon property benefited by a local improvement. K.S.A. 12-6a12(b) provides for reassessment when for any reason an assessment is set aside by a court of competent jurisdiction as to any parcel or parcels of land. The statute allows the governing body, upon notice and hearing as provided for in the original assessment, to make a reassessment or a new assessment as to such parcel or parcels of land within the district.

Assessment and reassessment are concerned solely with spreading the cost of the improvement among the various parcels of land in the previously defined benefit district. Improvement districts are determined prior to construction and assessments are determined after construction has been completed.

K.S.A. 12-6a12(b) operates only on assessment or reassess-

ment. Assessment and reassessment are concerned with spreading the cost of an improvement among tracts previously designated as having been benefited therefrom. Assessment and reassessment are concerned with how much of the cost of the completed improvement shall be placed against each of the tracts—not what tracts should be included. K.S.A. 12-6a12 does not authorize the governing body to redetermine the boundaries of the improvement district.

K.S.A. 12-6a10's right of a property owner to protest an assessment or reassessment of the cost of an improvement district is not the same as the owner's right under K.S.A. 12-6a06 to protest against the creation of the improvement district. Lenexa has no statutory authority to assess land originally lying outside an improvement district for the cost of the completed improvement.

The judgment is reversed and remanded.