The Honorable Vince Cook State Representative, 52nd District 1433 Lancaster Topeka, Kansas 66628
Dear Representative Cook:
You request our opinion whether a city governing body may increase the city's allocation of the cost of an improvement for which special assessments are levied or whether it is bound by the cost allocation stated in the resolution of advisability of the improvement.
K.S.A. 1997 Supp. 12-6a02 authorizes a city governing body to provide municipal improvements which confer a special benefit upon property within a definable area of a city. The city may then levy and collect assessments upon property in the area for the special benefits conferred upon the property to pay for all or a part of the cost of the improvement. Madden v. City of Lenexa, 239 Kan. 397 (1986). While the property is made to bear the cost of the improvement, the property owner suffers no pecuniary loss because, theoretically at least, the property value is increased by an amount equal to the tax levied against it.Mullins v. City of El Dorado, 200 Kan. 336 (1968).
K.S.A. 1997 Supp. 12-6a04 requires that the governing body of the city make findings by resolution as to the advisability of the improvement, the nature of the improvement, the estimated cost, the boundaries of the improvement district, the method of assessment and apportionment ofcost, if any, between the improvement district and the city. The city may pay up to 95% of the total cost of a improvement. K.S.A. 12-6a07. The rest of the cost is spread among the properties that make up the district and the governing body is obligated to assess such properties by imposing substantially equal burdens or shares of the cost of the improvement upon each property. K.S.A. 12-6a08; Davies v. City ofLawrence, 218 Kan. 551 (1976).
The governing body then adopts a resolution authorizing the improvement and incorporates its findings concerning the advisability of the improvement, the nature of the improvement, the estimated cost, the boundaries of the improvement district, the method of assessment andapportionment of cost, if any, between the improvement district and thecity. K.S.A. 1997 Supp. 12-6a06. The resolution is effective upon publication in the newspaper unless a protest petition is filed which, if successful, prevents the city from proceeding with the improvement.
At some point in the process, after the total cost of an improvement is estimated or determined and, generally, many months or years after a project is complete, the governing body establishes the amount of the assessment on each parcel and an assessment role is prepared which is considered at a public hearing for the purpose of hearing objections. K.S.A. 1997 Supp. 12-6a09; K.S.A. 12-6a10. At this point, the governing body may amend a proposed assessment. K.S.A. 12-6a10.
K.S.A. 1997 Supp. 12-6a09(a) provides, in part:
 "As soon as the total cost of any improvement is determined . . . the governing body shall cause the assessments against each lot, piece or parcel of land deemed to be benefited, to be determined in the manner set forth in the resolution as to advisability of the improvement provided for in K.S.A. 12-6a04 . . . and an assessment role shall be prepared." (Emphasis added.)
K.S.A. 1997 Supp. 12-6a04 provides, in part:
 "The hearing [on advisability of the improvement] may be adjourned from time to time and until the governing body shall have made findings by resolution as to the advisability of the improvement, the nature of the improvement, the estimated cost, the boundaries of the improvement district, the method of assessment and the apportionment of cost, if any, between the district and the city at large, all as finally determined by the governing body. . . ." (Emphasis added.)
You inquire whether the city is bound by the apportionment of cost stated in the resolution of advisability or whether the city may increase its percentage of the cost of the improvement.
Whether or not a governing body may vary the percentage allocation was addressed in Mallon v. City of Emporia, 11 Kan. App. 2d 494 (1986). InMallon, property owners petitioned the City of Emporia for street improvements pursuant to K.S.A. 12-6a01 et seq. A resolution authorizing the improvement apportioned the cost to the district at 90% and 10% to the City. The project was completed about one year later and an ordinance was enacted levying the assessments. However, the ordinance changed the apportionment of costs to 91.57% on the improvement district and 8.43 % on the City which resulted in a higher assessment on each lot. The property owners successfully argued that the City acted arbitrarily and capriciously in increasing the cost allocation percentageto the district which had the effect of increasing the assessment to each property in the district.
 "The ultimate question . . . is whether the governing body is bound by its earlier resolution and the findings contained therein. K.S.A. 12-6a09 states that the assessments are `to be determined in the manner set forth in the resolution.' The City's interpretation of this language apparently means that only the method of assessment specified in the resolution may not be subsequently changed by ordinance. We do not read the statute in this manner. Not only does the statute contemplate the method of assessment, it also requires the area of the improvement district, the nature of the improvement, and the apportionment of costs to be the same as provided in the resolution. All of these components enter into the computation of the special assessment and, accordingly, determine the manner set forth in the resolution. Contrary to the City's argument that the hearing and eventual assessment ordinance would be pointless if the resolution must be followed, there could be objections to erroneous calculations, valuations assigned to the affected lots, areas to be included in the improvement district, and even the actual costs incurred in the improvement project." 11 Kan. App. 2d at 500-501.
Mallon is the only reported case that addresses the issue of the cost percentage allocation between a city and an improvement district. A broad interpretation of this case would prohibit a city from changing the cost percentage allocation in every instance regardless whether a change would benefit the property owners in an improvement district. A narrow interpretation would limit Mallon to its facts and allow a city to increase its percentage of the costs of an improvement where it benefits the property owners in an improvement district.
We are advised that the common practice is to limit Mallon to its facts and allow a city governing body to increase the city's percentage of the cost allocation if circumstances change which may warrant providing relief to an improvement district. The intent of the special assessment laws is to ensure that the property owner who bears the burden of an assessment is given notice and an opportunity to be heard to contest the validity and fairness of such assessment. Railroad Co. v. Abilene,78 Kan. 820, 826 (1908). Such property owner is not adversely affected if the city agrees to increase its percentage of the cost of an improvement project where the effect is to lower an assessment.
Under the circumstances, it is our opinion that Mallon should be confined to situations where a city attempts to increase the percentage allocation to the district which will increase the assessment burden on the property owners in the district. It does not preclude a city governing body from increasing the city's percentage allocation if the governing body chooses to do so.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm