Michael H. Haas Sheridan County Attorney P.O. Box 407 Hoxie, Kansas 67740
Dear Mr. Haas:
You request our opinion regarding certain actions by the Sheridan County Hospital Board. You inform us that Sheridan County Hospital was organized and operates pursuant to the Hospital and Related Facilities Act (the Hospital Act), K.S.A. 19-4601 et seq. You state that the Sheridan County Commissioners have learned that the Hospital Board has been paying for health insurance for some individual Board members, and has been paying $400 per month additional compensation for service on the Board to Board members who have other insurance. Your first question is whether these payments are contrary to K.S.A. 19-4609.
K.S.A. 19-4609 provides for compensation of hospital board members as follows:
 "Members of the board may be allowed compensation by the [county] commission and, if allowed, such compensation shall be in an amount to be determined by the [county] commission. . . ."
A hospital board is a creature of statute and has only such power and authority conferred by law or as may necessarily be implied to give effect to the powers specifically granted by law.[1]
K.S.A. 19-4610 sets forth the powers and duties of a hospital board and states in pertinent part as follows:
 "The board shall have the exclusive control of the expenditures of all hospital moneys, except hospital moneys acquired through the issuance of revenue bonds, and all expenditures shall be subject to the approval of a majority of all the members of the board."
We find no authority for a hospital board to purchase insurance for its members or to determine other compensation for its members. Although a board is given exclusive control over the expenditure of hospital moneys, the statutory authority for determining compensation for board members is vested in the board of county commissioners. The term "compensation" is not defined in the Hospital Act, however other acts that define the term as it applies to public officers include in their definitions "any thing of value or economic benefit conferred on, or received by, any person in return for services rendered, or to be rendered by such person. . . ."[2] Therefore, we consider the amount paid for health insurance to be compensation. According to the facts that you have provided, the Sheridan County Commission was not involved in the decision to purchase insurance for, or to make monthly payments to the Board members. Therefore, we opine that the Sheridan County Hospital Board's purchase of insurance for Board members and payment of compensation to its members are not authorized by law.
You next ask whether the Sheridan County Commission may be reimbursed by the Hospital Board for funds expended for the purchase of insurance and payment of compensation to Board members. K.S.A. 19-4610 gives a hospital board "exclusive control of the expenditures of hospital moneys." K.S.A. 19-4601 defines "hospital moneys" as follows:
 "`[H]ospital moneys' means, but is not limited to, moneys acquired through the issuance of bonds, the levy of taxes, the receipt of grants, donations, gifts, bequests, interest earned on investments authorized by this act and state or federal aid and from fees and charges for use of services provided by the hospital."
Therefore, we assume that the insurance and compensation payments have been made from hospital moneys and any reimbursement should be made back to the Hospital rather than to the County.
You also ask whether the Board of County Commissioners of Sheridan County has any authority to stop the Hospital Board from continuing to make the payments for health insurance and other compensation. Once county hospital board members have been appointed or elected in accordance with statutory requirements, they are county officials who possess the power to carry out their duties imposed by statute. This office has on numerous occasions opined that a county hospital board enjoys a degree of autonomy free from direct control by the board of county commissioners.[3]
Because the Sheridan County Commission does not have any continuing control over expenditures of the Hospital Board, the Commission has no administrative method to force the Hospital Board to cease the payments. Additionally, the Hospital Act does not provide any specific remedies for the unauthorized expenditure of hospital moneys. Any remedies that the County Commission may have to force reimbursement or the cessation of unauthorized payments would depend on the specific facts surrounding the Hospital Board's actions and should be determined by the Commission in consultation with its legal counsel and the Sheridan County Attorney.
Finally, you state that the Hospital Board has extended the Hospital administrator's contract for three years. You ask whether the three-year contract extension violates the cash-basis law.[4] The cash-basis law prohibits a municipality, as defined in the statute, from creating indebtedness in excess of the funds actually on hand in the treasury of such municipality at the time for such purpose.[5]
K.S.A. 19-4610 authorizes a county hospital board "to appoint an administrator, to fix the compensation thereof, and to remove such administrator. . . ." K.S.A. 19-4611 further outlines the authority of a hospital board as follows:
 "(f) The board may expend funds as deemed necessary for the recruitment or retention of staff. . . .
. . . .
"(h) The board is not subject to the cash-basis law."
Attorney General Opinion No. 87-187 addressed the applicability of the cash-basis law to a county hospital and opined that while a county is subject to the cash-basis law, the Hospital Act gives hospitals created thereunder autonomous powers beyond a mere administrative arm of county government. Therefore, a county hospital board is not subject to the cash-basis law in the management and control of hospital funds, and expenditures for a hospital administrator's contract for a period of three years do not violate the cash-basis law.
In conclusion, the Hospital and Related Facilities Act vests sole authority for determining the compensation for county hospital board members in the board of county commissioners. Therefore, a county hospital board is not authorized to make payments for health insurance and compensation to its members as determined by the hospital board. Any remedies available to a county commission to force reimbursement or cessation of unauthorized payments by a county hospital board depend on the specific facts surrounding the payments and should be determined by the commission in consultation with its legal counsel. Because a county hospital board is not subject to the cash-basis law, a county hospital board may extend its hospital administrator's contract for a period of three years without violating the cash-basis law.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm
[1] See Wiggins v. Housing Authority of Kansas City,22 Kan. App. 2d 367 (1996); Capital Electric Line Builders, Inc., v.Lennen, 232 Kan. 652 (1983).
[2] K.S.A. 46-216. See also K.S.A. 75-4301a(i).
[3] See Attorney General Opinions No. 85-106, 87-187, 88-31, 88-42, 95-110.
[4] K.S.A. 10-1101 et seq.
[5] K.S.A. 10-1112.