Biles, J.,
concurring in part and dissenting in part: I concur with the result that quo warranto is an appropriate remedy that must issue because initiative supporters failed to comply with K.S.A. 12-3013(a) by not filing both the petition and the proposed ordinance with the city clerk. There is no escaping that conclusion.
I dissent from the majority’s choice to evade the more substantive constitutional and statutory questions presented by this controversy, i.e., (1) whether the ordinance impermissibly conflicts with, and is therefore preempted by, uniform state law under the Home Rule Amendment to the Kansas Constitution, Article 12, § 5(b); and (2) whether the ordinance is principally administrative in nature and therefore excluded from the statutory initiative and referendum process under K.S.A. 12-3013(e)(1). Put simply, I cannot believe we took this case just to tell the parties what they already knew.
The exercise of our original jurisdiction under Article 3, Section 3 of the Kansas Constitution is serious business and pragmatically *671 employed to give government officials an authoritative interpretation of applicable law on matters of significant public concern. See State ex rel. Stephan v. Kansas House of Representatives, 236 Kan. 45, 53, 687 P.2d 622 (1984). Both the Attorney General and the City of Wichita have compelling interests in knowing much more than this court is telling them about how this proposed ordinance squares with our constitution and statutes. Likewise, Wichita voters should know whether the results of any future efforts on this topic may be carried out by their city officials through a local ordinance or if they must redeploy to the legislature to pursue a change in state law. With todays result they are instead left with a judicial version of Blind Man s Bluff.
Kansans are empowered to petition their government to hold an election for various purposes. See, e.g., Kan. Const. art. 4, § 3 (recall of elected officials); Kan. Const. art. 12, § 5 (protests against certain taxes, bonds, charter resolutions, and ordinances); K.S.A. 12-3013 (initiative and referendum ordinances for cities). In this case, more than 20,000 citizens in Wichita voted to reduce the criminal penalty for first-offense possession of marijuana and related paraphernalia, within certain parameters, and to change the classification of that offense from a misdemeanor to an infraction. The route they hoped might achieve this result was by way of the municipal initiative and referendum procedures set out in state law.
The majority’s decision to sidestep the questions regarding the ordinance’s constitutionality and whether its subject matter is appropriate for the process employed to adopt it is a temporary retreat from controversy. The majority’s rationale is that it does not have to answer tírese questions, so it will not. But we already crossed the Rubicon when we retained jurisdiction instead of leaving the issues to be litigated in district court. We did so because these substantive issues presented matters of sufficient public concern. See Supreme Court Rule 9.01(b) (2015 Kan. Ct. R. Annot. 88) (“An appellate court ordinarily will not exercise original jurisdiction if adequate relief appears to be available in a district court.”); see also State ex rel. Stephan, 236 Kan. at 53 (“innumerable lawsuits involving the issue here could be avoided if this court will take jurisdiction of this controversy and determine the issue at this time); State, ex rel., v. *672 City of Topeka, 175 Kan. 488, 264 P.2d 901 (1953) (quo warranto action challenging annexation ordinance); State v. Leavenworth, 75 Kan. 787, 791, 90 P. 237 (1907) (“The law specifically authorizes the use of quo warranto to restrain municipalities from usurping power and to hold them within the bounds of lawful authority.”); State, ex rel., v. City of Topeka, 31 Kan. 452, 454, 2 P. 593 (1884) (“[W]henever a municipal corporation usurps any power which might be conferred upon it by the sovereign power of the state, but which has not been so conferred, such corporation may be ousted from the exercise of such power by a civil action in the nature of quo warranto in the supreme court.”).
With the case now fully briefed and argued, how can this court say it is giving an authoritative interpretation of applicable law on matters of significant public concern if we leave Wichita voters, city officials, and the Attorney General to guess whether further efforts under the initiative and referendum statute are legal? These citizens and public officials deserved prompt and final determinations from the highest court in this state instead of being left to wonder what happens if they do it all over again.
As support for not deciding the constitutional question, the majority recounts the maxim that appellate courts generally will avoid making unnecessary constitutional decisions. Slip op. at 12. In doing so, it cites two prior decisions from this court in quo warranto proceedings: Wilson v. Sebelius, 276 Kan. 87, 72 P.3d 553 (2003) and Rogers v. Shanahan, 221 Kan. 221, 565 P.2d 1384 (1976). But neither case is analogous because in both a decision resting on non-constitutional grounds put a final end to the dispute. With the present case, the underlying actual controversies remain alive and well for another day. In this context, a procedural decision on the filing requirements does not eliminate the need to decide the constitutional question as the majority claims. Addressing the substantive arguments already presented would give the authoritative determination the parties require to perform their official obligations.
For these reasons, I concur in part and dissent in part.