No. 58,671

STATE OF KANSAS, *Appellee*, v. JUDY ROBINSON, *Appellant*.

(718 P.2d 1313)

Opinion filed May 2, 1986.

*W. Irving Shaw*, of Krueger & Shaw, of Emporia, argued the cause, and *Thomas A. Krueger*, of the same firm, was with him on the briefs for appellant.

*Philip Winter*, assistant county attorney, argued the cause, and *Richard H. Hodson*, assistant attorney general, and *Robert T. Stephan*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: Judy Robinson, the owner of a retail liquor store, was convicted of furnishing intoxicants to a minor in violation of K.S.A. 21-3610. On appeal, Robinson claims (1) that to be found in violation of K.S.A. 21-3610, the State must prove that she had

knowledge of the age of the minor, and (2) that K.S.A. 21-3610 is unconstitutionally vague and overbroad.

After working in liquor stores for approximately seven years in Emporia, Kansas, Judy Robinson purchased her own store in 1984. The liquor store is located in an area populated by numerous college students. Robinson has a policy requiring that the identification of anyone suspected of being a minor be checked. Her employees are instructed to turn away persons with improper identification.

On February 4, 1985, two young men, each seventeen years old, purchased a liter of Lord Calvert whiskey from Robinson. Robinson asked the men for identification. One of the young men presented a false identification card which gave his birth date as December 21, 1960. Robinson did not know that the purchaser was under 21 years of age when she sold him the liquor.

A misdemeanor complaint was filed against Robinson. Robinson filed a motion to dismiss, contending that knowledge was an element of K.S.A. 21-3610 and that the statute was unconstitutionally vague and overly broad. The district court found that knowledge of age of the purchaser was not an element in establishing a violation of K.S.A. 21-3610 and that the statute was constitutional.

The parties then agreed to waive a jury trial and to proceed on proffers of evidence. The trial judge found the defendant guilty of the Class B misdemeanor and fined her $300. Robinson appeals.

Robinson claims that, based on *Ling v. Jan's Liquors*, 237 Kan. 629, 703 P.2d 731 (1985), K.S.A. 21-3610 is a general intent crime and, therefore, the district court erred in finding she could be convicted without the State proving that she had knowledge that the person to whom she sold liquor was a minor.

In *Ling*, we discussed the prior statute, G.S. 1949 41-715, enacted as part of the Kansas Liquor Control Act. It provided that it was illegal for any person to "knowingly or unknowingly" provide alcoholic liquor for any minor. In 1965, K.S.A. 1965 Supp. 38-715 was enacted as follows:

"Any person who shall knowingly or unknowingly sell to, buy for, give to, or furnish, either directly or indirectly any intoxicating liquor to any person under the age of twenty-one (21) years shall be deemed guilty of a misdemeanor . . . ."

In 1969, 38-715 was repealed and replaced by K.S.A. 21-3610. When enacting 21-3610, the legislature deleted the phrase "knowingly or unknowingly" from the present statute.

A similar question was raised in *State v. Sleeth*, 8 Kan. App. 2d 652, 664 P.2d 883 (1983), where the defendant was charged with sale of an alcoholic beverage to a minor in violation of K.S.A. 41-2615. The first sentence of 41-2615 states that no "club" shall "knowingly or unknowingly permit" a minor to consume any alcoholic beverage on its premises. The Court of Appeals determined the deletion of the phrase "knowingly or unknowingly" from the statute was a clear indication that the legislature intended that the individual charged with the offense have knowledge and consent to the illegal consumption of the alcoholic beverage on the premises.

Robinson's reliance on *Ling*, that the person selling intoxicating liquor must know that the purchaser is a minor, is misplaced. *Ling* discusses the liability to third persons of an individual who knowingly sells or furnishes liquor to an individual prohibited by law to receive the intoxicating liquor. The modified statute, 21-3610, requires proof that a defendant have knowledge that the liquid sold or furnished was actually an intoxicating liquor, not that the person to whom it was sold was of legal age.

Whether or not criminal intent or knowledge is an element of a statutory crime depends on the will of the legislature. Legislative intent is a matter of statutory construction, to be determined in a given case from consideration of the language of the statute in connection with the subject matter of the prohibition, the statute's manifest purpose and design, and the consequences of the several constructions to which the statute may be susceptible. The omission of the word "knowingly" from the statute defining the crime is not conclusive as to whether or not guilty knowledge is an essential element of the crime. 22 C.J.S., Criminal Law § 30.

K.S.A. 21-3610(1) provides:

"Furnishing intoxicants to a minor is directly or indirectly, selling to, buying for, giving or furnishing any intoxicating liquor to any person under the age of twenty-one (21) years."

K.S.A. 21-3201 states that except as provided in K.S.A. 21-3202, 21-3204 and 21-3405, criminal intent is an essential element of every crime defined by the code. K.S.A. 21-3202(2) states: ·

"Proof of criminal intent does not require proof that the accused had knowledge of the age of a minor, even though age is a material element of the crime with which he is charged."

K.S.A. 1985 Supp. 21-3204 states:

"A person may be guilty of an offense without having criminal intent if the crime is a misdemeanor or traffic infraction and the statute defining the offense clearly indicates a legislative purpose to impose absolute liability for the conduct described."

The current criminal code was adopted in 1969 and was based almost entirely on recommendations of the Kansas Judicial Council. The Council's recommendations were published in a special report in the Kansas Judicial Council Bulletin in April 1968. K.S.A. 21-3610 appears in the report under No. 21-610 (p. 65). The proposed statute had an additional provision which stated:

"(2) It shall be a defense to furnishing intoxicants to a minor that the defendant had reasonable cause to believe the child was of the age of 21 years or upwards at the time of the act giving rise to the charge."

The Comment to 21-610 stated:

"This section restates K.S.A. 38-715, passed by the legislature in 1965. Presumably it reflects the current thinking of the legislature. However, the defense in subsection (2) is new."

The legislature did not adopt this section of the statute, implying that it intended that a defendant having reasonable cause to believe the minor was 21 years old at the time of the act could be convicted of the offense.

The defendant here argues that 21-3204 applies only to traffic violations. While the earlier version of 21-3204 stated that it applied to "misdemeanors," the statute was amended in 1984 and now applies to a "misdemeanor or a traffic violation." Since the statute clearly states that it applies to misdemeanors and traffic violations, the defendant's argument is without merit.

The district court correctly determined that 21-3610 was subject to 21-3202(2) and 21-3204 and, therefore, the legislature intended that a seller of intoxicating liquor need not have knowledge of the age of a minor to have criminal intent.

The defendant next contends that because the term "intoxicating liquor" is not defined in Chapter 21 or Chapter 41, the average person is not given fair notice of what substances are prohibited and, therefore, does not know when his conduct is forbidden.

The test to determine whether a criminal statute is unconstitutionally vague and indefinite is whether its language conveys a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice. A statute which either requires or forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application is violative of due process. *State v. Cantrell*, 234 Kan. 426, Syl. ¶ 11, 673 P.2d 1147 (1983), *cert. denied* 105 S. Ct. 84 (1984).

In determining whether a statute is void for vagueness two inquiries are appropriate: (1) whether the statute gives fair warning to those persons potentially subject to it, and (2) whether the statute adequately guards against arbitrary and discriminatory enforcement. *State v. Dunn*, 233 Kan. 411, 418, 662 P.2d 1286 (1983). In addition, we have long held a statute will not be declared void for vagueness and uncertainty where it employs words commonly used, previously judicially defined or having a settled meaning in law. *State v. Rose*, 234 Kan. 1044, 1046, 677 P.2d 1011 (1984).

K.S.A. 1985 Supp. 41-102(b) defines "alcoholic liquor" as "alcohol, spirits, wine, beer and every liquid or solid, patented or not, containing alcohol, spirits, wine or beer and capable of being consumed as a beverage by a human being, but shall not include any beer or cereal malt beverage containing not more than 3.2% alcohol by weight." Beer, spirits and wine are also defined in 41-102.

Historically, the term "intoxicating liquor" has been used interchangeably with "alcoholic liquor." Article 15, § 10 of the Kansas Constitution empowers the legislature to "regulate, license and tax the manufacture and sale of intoxicating liquors." K.S.A. Chapter 41 is entitled "Intoxicating Liquors and Beverages."

Black's Law Dictionary, in defining intoxicating liquor, also refers to alcoholic liquors:

"**Intoxicating liquor.** Any liquor used as a beverage, and which, when so used in sufficient quantities, ordinarily or commonly produces entire or partial intoxication. Any liquor intended for use as a beverage or capable of being so used, which contains alcohol, either obtained by fermentation or by the additional process of distillation, in such proportion that it will produce intoxication when imbibed in such quantities as may practically be drunk. *Frisvold v. Leahy*, 15 Cal. App. 2d

752, 60 P.2d 151, 153. See also **Alcoholic liquors.**" Black's Law Dictionary 738 (5th ed. 1979).

Here, it would seem that the average person would know that Lord Calvert whiskey was an "intoxicating liquor." Those licensed to operate a liquor store have fair notice that the products they are selling are intoxicating liquors. The statute is not unconstitutionally vague.

The defendant also contends that the statute suffers from overbreadth, because a person selling such products as cough medicine, cologne and other commercial products which contain alcohol could be charged under the statute. We disagree.

A statute which is overbroad is one which makes conduct punishable which under some circumstances is constitutionally protected from criminal sanctions. A statute which is facially overbroad may be authoritatively construed and restricted to cover only conduct which is not constitutionally protected and, as construed, the statute will thereafter be immune from attack on grounds of overbreadth. *State v. Thompson,* 237 Kan. 562, 564, 701 P.2d 694 (1985).

Generally, beverages which may be considered within the meaning of the term "intoxicating liquors" are those beverages which the legislature intended to control under the Act. Beverages included within Chapter 41 are wine, brandy, rum, whisky, gin or other spiritous liquor, and beer, ale, stout, lager beer, porter and other similar beverages having an alcoholic content of more than 3.2%. Such products as cough medicine, cologne and other similar commercial products are not included in the chapter.

One of the common rules of statutory interpretation is that the mention or inclusion of one thing implies the exclusion of others. *State v. Wood,* 231 Kan. 699, 647 P.2d 1327 (1982).

"While in order to determine the true scope and meaning of a statute, its letter is to be first examined and considered, yet courts should also have regard to the evil sought to be remedied; for that which is within the letter though not within the spirit of the statute, is not in legal contemplation a part of it." *Intoxicating-Liquor Cases,* 25 Kan. 751 (1881).

This court has long held that medicinal compounds and articles for toilet and culinary purposes are not intended by the legislature to be controlled as intoxicating liquors. The mere presence of alcohol in medicine, cologne and other similar

commercial products does not bring those articles within the control of the Act.

The judgment is affirmed.