(730 P.2d 364)

No. 59,749

CITY OF OTTAWA, *Appellee,* v. LAURA BROWN, *Appellant.*

Petition for review denied April 10, 1987.

Opinion filed December 24, 1986.

*Michael E. Riling,* of Riling, Norwood, Burkhead & Fairchild, Chtd., of Lawrence, for appellant.

*John R. Dowell,* city attorney, for appellee.

Before BRAZIL, P.J., PARKS and DAVIS, JJ.

DAVIS, J.: The defendant, Laura Brown, appeals from a jury conviction in the Franklin County District Court for driving with an alcohol concentration of .10 or more in violation of the Municipal Code of the City of Ottawa 13-102(b) (1986) (referred to by the parties as Ottawa Municipal Ordinance No. 30).

The parties have submitted the following agreed-upon statement of facts pursuant to Supreme Court Rule 3.05 (235 Kan. lxiv):

"The defendant, on January 6, 1986, was operating a 1969 Chevrolet 4-door sedan in the City of Ottawa. She was stopped by an Ottawa public safety officer for disobeying a traffic signal. The public safety officer noticed an odor of unknown alcohol beverage about the subject and requested that the defendant perform field sobriety tests. Based upon the performance on the field sobriety test and the driving that the officer observed, he placed the defendant under arrest for driving under the influence of alcohol. The police officer read the defendant both her rights under *Miranda* and the implied consent advisory form. The defendant consented to and took a breath test which was properly administered by the Ottawa public safety officer. The test results showed a .14 blood alcohol content. The defendant requested a blood test and the Ottawa public safety officer transported the defendant to a hospital where she took a blood test.

The test result at the hospital showed a .12 blood alcohol content. All blood alcohol tests were administered within two hours of defendant's last operation of her vehicle.

"At the trial, the City of Ottawa called Marion Cowan and Dr. S. N. Bishara. Cowan and Bishara were qualified in the field of analytical chemistry. Both testified to the fact that the defendant's blood and breath test results were in number of grams of alcohol per 100 milliliters of blood. Mr. Cowan explained that the breath test actually converts the test results from a breath alcohol reading to a blood alcohol reading. Therefore, it was proper to talk about hundred milliliters of blood rather than 210 liters of breath.

"The defendant was charged with violating Section 30 Subsection [1][i] of the Ottawa Municipal Ordinance which provides: 'Driving under the influence of intoxicating liquor or drugs; penalties. [1] No person shall operate or attempt to operate any vehicle within this city while: [i] The alcohol concentration in the person's blood or breath, at the time or within two hours after the person operated or attempted to operate the vehicle, is .10 or more; . . .' The defendant filed a motion prior to trial to declare the Ottawa Municipal Ordinance Number 30 unconstitutional and being void for vagueness. The trial court heard the motion prior to trial. The trial court ruled that it had a duty to construe a statute so that it conforms with the constitution if at all possible. The trial court found that K.S.A. 8-1005 applies to prosecution in Municipal cases and that Subsection (b) of that statute provided an adequate definition for the term 'alcohol concentration' which is used in the Ottawa Municipal Ordinance Number 30. The trial court instructed the jury at trial:

" 'The ordinance of the City of Ottawa makes it unlawful for a person to operate or attempt to operate any vehicle within the City while the alcohol concentration in the defendant's blood or breath at the time or within two hours after he or she operated or attempted to operate the vehicle was .1 or more. The defendant is charged in Count I of the complaint with violating this ordinance. The defendant pleads not guilty.

" 'To establish this charge, each of the following claims must be proved: (1) That the defendant drove or attempted to drive a vehicle; (2) That the defendant, while driving or within two hours after she operated or attempted to operate the vehicle had an alcohol concentration in her blood or breath of .1 or more; (3) That this act occurred on or about the 6th day of January, 1986, in the City of Ottawa, Kansas. As used in this instruction, the phrase "alcohol concentration" means the number of grams of alcohol per 100 milliliters of blood or 210 liters of breath.' "

"The jury found the defendant guilty of operating a vehicle in the City of Ottawa while her alcohol concentration was .1 or more or [was .1 or more] within two hours of driving."

The sole issue on appeal is whether Ottawa Municipal Ordinance No. 30 is unconstitutionally vague because it fails to define "alcohol concentration." Defendant raised other issues during oral argument. We, however, do not address these issues because she did not present them to the trial court. *State v. Hunt*, 8 Kan. App. 2d 162, 167, 651 P.2d 967 (1982).

The trial court instructed the jury to use the definition of

"alcohol concentration" in K.S.A. 1985 Supp. 8-1005(b). Defendant argues that by instructing the jury to use the statutory definition of "alcohol concentration," the court violated the principle that criminal laws should be construed strictly in favor of the defendant.

When a defendant attacks the constitutionality of a statute, we presume that the statute is constitutional and resolve all doubts in favor of its validity. Our duty is to uphold the statute, if possible, and to do so we will adopt any reasonable construction consistent with the purpose and intent of the enacting body. *State v. Kee*, 238 Kan. 342, 351, 711 P.2d 746 (1985) (citing *State v. Thompson*, 237 Kan. 562, 563, 701 P.2d 694 [1985]). The rule that a penal statute must be construed strictly in favor of the defendant simply means that ordinary words are to be given their ordinary meanings. We will not add to or take from the ordinary meanings of the words used in the statute. *State v. Dubish*, 234 Kan. 708, 712, 675 P.2d 877 (1984) (citing *State v. Martin*, 232 Kan. 778, 781, 658 P.2d 1024 [1983]).

In *State v. Kee*, 238 Kan. 342, the court set forth the following standard for determining if a criminal statute is unconstitutionally vague:

" 'The test to determine whether a criminal statute is unconstitutionally void by reason of being vague and indefinite is whether its language conveys a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice. If a statute conveys this warning it is not void for vagueness. Conversely, a statute which either requires or forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application is violative of due process. At its heart the test for vagueness is a commonsense determination of fundamental fairness.' *State v. Kirby*, 222 Kan. 1, 4, 563 P.2d 408 (1977)." 238 Kan. at 351-52 (quoting *State ex rel. Murray v. Palmgren*, 231 Kan. 524, 532, 646 P.2d 1091 [1982]).

Defendant was convicted under subsection (1)(i) of Ottawa Municipal Ordinance No. 30:

"Section 30. Driving under the influence of intoxicating liquor or drugs; penalties.

"(1) No person shall operate or attempt to operate any vehicle within this city while:

"(i) *The alcohol concentration in the person's blood or breath, at the time or within two hours after the person operated or attempted to operate the vehicle, is .10 or more;*

"(ii) under the influence of alcohol." (Emphasis added.)

Ordinance No. 30, an amended version of section 30 of the

"Standard Traffic Ordinance for Kansas Cities," published by the League of Kansas Municipalities in 1985, is virtually, as defendant puts it, a "carbon copy" of K.S.A. 1985 Supp. 8-1567. K.S.A. 1985 Supp. 8-1005(b) supplies the definition for "alcohol concentration" in K.S.A. 1985 Supp. 8-1567, providing that "[f]or the purpose of this act, 'alcohol concentration' means the number of grams of alcohol per 100 milliliters of blood or per 210 liters of breath." See L. 1985, ch. 48, secs. 7, 9. Defendant agrees that the definition of "alcohol concentration" in K.S.A. 1985 Supp. 8-1005(b) is adequate.

Tested by the standard enunciated in *State v. Kee*, Ordinance No. 30 is not unconstitutionally vague. A person of common intelligence could not doubt that the definition of "alcohol concentration" in K.S.A. 1985 Supp. 8-1005(b) applies to the ordinance.

Our conclusion that the definition of "alcohol concentration" in K.S.A. 1985 Supp. 8-1005(b) applies to Ordinance No. 30 does not rest solely on the similarities between the ordinance and K.S.A. 1985 Supp. 8-1567. K.S.A. 1985 Supp. 8-1005(a) effectively *imposes* the definition of "alcohol concentration" in 8-1005(b) on municipal ordinances that outlaw driving under the influence and removes any reasonable doubt that the definition of "alcohol concentration" in 8-1567 and in Ordinance No. 30 are one and the same:

"**8-1005.** [**Tests for alcohol or drugs**]; **results admissible in prosecutions; weight to be given evidence; 'alcohol concentration' defined.** (a) In any criminal prosecution for violation of the laws of this state relating to operating or attempting to operate a motor vehicle while under the influence of alcohol or drugs, or both, or the commission of vehicular homicide or manslaughter while under the influence of alcohol or drugs, or both, *or in any prosecution for a violation of a city ordinance relating to the operation or attempted operation of a motor vehicle while under the influence of alcohol or drugs,* or both, evidence of the concentration of alcohol or drugs in the defendant's blood, urine, breath or other bodily substance may be admitted and shall give rise to the following:

"(1) If the alcohol concentration is less than .10, that fact may be considered with other competent evidence to determine if the defendant was under the influence of alcohol, or both alcohol and drugs.

"(2) If the alcohol concentration is .10 or more, it shall be prima facie evidence that the defendant was under the influence of alcohol to a degree that renders the person incapable of driving safely.

. . . .

"(b) For the purpose of this act, 'alcohol concentration' means the number of

*grams of alcohol per 100 milliliters of blood or per 210 liters of breath.*" (Emphasis added.)

Had defendant been charged with driving under the influence of alcohol in violation of subsection (1) (ii) of Ordinance No. 30, K.S.A. 1985 Supp. 8-1005(a) would have required that the court consider her "alcohol concentration," as defined by K.S.A. 1985 Supp. 8-1005(b), as prima facie evidence that she committed the offense. The argument that the definition of "alcohol concentration" in 8-1005(b) applies to a charge for driving under the influence brought under subpart (ii) of subsection (1) of Ordinance No. 30, but not to a charge for driving with an alcohol concentration of .10 or more brought under subpart (i) of the same subsection, defies common sense. Both subparts prohibit alcohol-related offenses involving motor vehicles.

When measured by common understanding and practice, the Ottawa ordinance conveys a sufficiently definite warning about the conduct proscribed to withstand constitutional challenge. The trial court did not err by instructing the jury to use the definition of "alcohol concentration" in K.S.A. 1985 Supp. 8-1005(b).

Affirmed.