(744 P.2d 523)

No. 60,252

CITY OF OVERLAND PARK, KANSAS, *Appellee,* v. KENNETH J. DENNING, *Appellant.*

Petition for review denied December 21, 1987.

Opinion filed October 29, 1987.

*James F. Vano,* of Overland Park, for the appellant.

*Michael D. Mance,* of Olathe, for the appellee.

Before REES, P.J., DAVIS and SIX, JJ.

DAVIS, J.: Kenneth J. Denning was convicted in the Municipal Court of Overland Park, Kansas, of violating city ordinance 12.04.030, which prohibits a person from operating or attempting to operate a vehicle within the city while "(1) [t]he alcohol concentration in the person's blood or breath is .10 or more, as measured from sample(s) taken within two hours after the person operated or attempted to operate the vehicle." Defendant appealed his conviction to the district court and was again convicted. He timely appeals, raising as his sole issue the constitutionality of Overland Park Municipal Ordinance 12.04.030.

Defendant contends that the ordinance is unconstitutionally vague because, short of scientific testing, the average driver cannot ascertain when his or her breath or blood alcohol level exceeds the legal limit.

The ordinance is substantially similar to K.S.A. 1986 Supp.

8-1567(a)(1). Both the ordinance and the statute prohibit a person from operating or attempting to operate any vehicle while the alcohol concentration in the person's blood or breath, within two hours after the person operated or attempted to operate the vehicle, is .10 or more.

In a recent case decided by this court, K.S.A. 1986 Supp. 8-1567(a)(1) survived the same challenge defendant makes to the municipal ordinance. *State v. Larson*, 12 Kan. App. 2d 198, 737 P.2d 880 (1987). In *Larson*, the defendant argued that the statute is unconstitutionally vague because a person cannot determine through his or her senses whether his or her alcohol concentration has reached the legal limit. In upholding the constitutionality of the statute, *Larson* found that "the standard of 8-1567(a)(1), in our opinion, is more precise than 8-1567(a)(2), 'under the influence of alcohol,' and the latter was held not to be unconstitutionally vague in *State v. Campbell*, 9 Kan. App. 2d 474, 475, 681 P.2d 679 (1984)." 12 Kan. App. 2d at 202.

In *State v. Robinson*, 239 Kan. 269, 273, 718 P.2d 1313 (1986), the court stated the test for determining whether a criminal statute is unconstitutionally vague:

"The test to determine whether a criminal statute is unconstitutionally vague and indefinite is whether its language conveys a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice. A statute which either requires or forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application is violative of due process. *State v. Cantrell*, 234 Kan. 426, Syl. ¶ 11, 673 P.2d 1147 (1983), *cert. denied* 469 U.S. 817 (1984).

"In determining whether a statute is void for vagueness two inquiries are appropriate: (1) whether the statute gives fair warning to those persons potentially subject to it, and (2) whether the statute adequately guards against arbitrary and discriminatory enforcement. *State v. Dunn*, 233 Kan. 411, 418, 662 P.2d 1286 (1983)."

The language of the ordinance is clear. When measured by common understanding and practice, it conveys a sufficiently definite warning as to the conduct proscribed. See *City of Ottawa v. Brown*, 11 Kan. App. 2d 581, 730 P.2d 364 (1986), *rev. denied* 241 Kan. 838 (1987).

We hold that Overland Park Municipal Ordinance 12.04.030 is not unconstitutionally vague.

Affirmed.