The Honorable Kenny A. Wilk State Representative, 42nd District 701 S. DeSoto Road Lansing, Kansas 66043
Dear Representative Wilk:
You make several inquiries regarding whether a rural water district which has joined with a city to create a public wholesale water district pursuant to K.S.A. 19-3547 is eligible for reimbursement of the costs of relocating water lines under K.S.A. 1995 Supp. 68-415. We will address each of your five questions in sequence after a brief description of the facts.
You indicate that two water districts, Leavenworth rural water districts no. 9 and 6, joined with the city of Tonganoxie to create public wholesale water supply district no. 6 to provide wholesale water jointly and to mutual advantage. K.S.A. 19-3545. Rural water district no. 9 is a sixty percent owner of the wholesale water district, whereas only twenty percent (each) of the district is owned by rural water district no. 6 and the city of Tonganoxie. The wholesale water district built and maintains a public water supply line along state highway 24/40 currently the subject of a Kansas department of transportation (KDOT) project. The relocation of the water line may cost the wholesale water district as much as $800,000.
The KDOT statute in question is K.S.A. 1995 Supp. 68-415, subsection (c), which states:
 "Notwithstanding the provisions of subsection (a), any rural water district created pursuant under the provisions of K.S.A. 82a-612 et seq., and amendments thereto, which, after excluding such water lines that cross a highway, has 90% or more of its remaining water lines on private right-of-way and is required to relocate such district's water lines in accordance with subsection (a): (1) Shall be reimbursed for such district's costs for relocating, such water lines, or (2) if the secretary of transportation relocates the district's water lines, such district shall not be required to reimburse the secretary of transportation the costs for relocating such water lines. The provisions of this subsection shall apply to all state highway funded projects, including any highway projects currently in progress."
Your first question is whether the wholesale water district is entitled to the reimbursement of costs that either rural water district no. 9 or no. 6 would have been entitled to had they acted alone. Where a statute is plain and unambiguous, the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. Chavez v. Markham, 256 Kan. 859, syl. ¶ 2, (1995). The statute is specific to rural water districts created pursuant to K.S.A. 82a-612 et seq. and does not include other water providers such as wholesale water districts. Thus in our opinion the wholesale district may not utilize the statute in question to recoup the costs of relocating water lines which are the property of the wholesale water district.
Your second, third and fourth questions become moot in light of our answer to your first question.
Your last question is whether the reimbursement of costs found in K.S.A. 1995 Supp. 68-415 may be apportioned according to the membership of the water districts' ownership of the wholesale district and the percentage of lines outside the public rights-of-way. In other words, you inquire whether either of the rural water districts owning water lines which must be moved may recoup the costs under the statute. Our conclusion to your first question that a public wholesale district is not eligible for the reimbursement of costs under K.S.A. 1995 Supp. 68-415
does not answer the question of whether a rural water district is eligible to recoup the costs of moving the water lines which remain the property of the rural water district (used for retail provision of water and not wholesale) after the rural water district's merger with another entity to form a wholesale water district.
While the statute is specific about its application to rural water districts, it does not address the question of whether it applies to a rural water district which is part of a wholesale water supply district. The question for this reason is one for statutory construction. A fundamental rule of statutory construction to which all other rules are subordinate is that the intent of the legislature governs when that intent can be ascertained. Martindale v. Tenny, 250 Kan. 621 (1992).
Legislative intent, as a matter of statutory construction, is to be determined in any given case from consideration of the language of the statute, the statute's manifest purpose and design, and the consequences of the several constructions to which the statute may be susceptible. State v. Robinson, 239 Kan. 269, 271 (1986). In ascertaining the legislative intent, courts are not permitted to consider only a certain isolated part or parts of an act, but are required to consider and construe together all parts thereof in pari materia. If the interpretation of one section of an act according to the exact and literal import of its words would contravene the manifest purpose of the legislature, the entire act should be construed according to its spirit and reason, disregarding so far as may be necessary the strict letter of the law. Todd v. Kelly, 251 Kan. 512, 516 (1992); Kansas Commission on Civil Rights v. Howard, 218 Kan. 248 (1975).
The statute's legislative history clearly supports the contention that the reimbursement was limited to rural water districts and not other utilities, such as wholesale water districts. Minutes, House Committee on Local Government, February 2, 1995. The specific provision in question (subsection c) was added in 1995 and was intended to help rural water districts cope with the hardship of moving water lines and to amend legislation which only allowed for reimbursement of the cost of relocation of water lines on private easments, but not those which crossed public rights of way, such as highways. The 90% limitation was imposed in order to limit the assistance to rural water districts which had located 90% of their lines on private rights of way and thus demonstrated sound management and good fiscal policy. Ibid. The manifest purpose of the statute was to help rural water districts in the business of providing retail water supply. Minutes, Senate Committee on Local Government, March 16, 1995.
A rural water district's merger with another entity to provide water at wholesale does not change the character of water lines which belong to the rural water district and are used for the purpose of providing water at retail to its members. Recoupment of the cost of moving lines which belong to a rural water district is consistent with the statute's legislative intent and purpose for which the legislation was enacted. For this reason, it is our opinion that a rural water district may recoup the costs of moving lines which are the property of the rural water district and otherwise meet the criteria in K.S.A. 1995 Supp. 68-415(c) in spite of merger with another entity to form a public wholesale water district which is not eligible for the recoupment provisions of the statute.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Guen Easley Assistant Attorney General
CJS:JLM:GE:jm