(670 P.2d 928)
No. 55,249

SHERMAN R. YUNGHANS, *Plaintiff/Appellee,* v. DAVID W. CARSON, *Defendant,* FARM BUREAU MUTUAL INSURANCE COMPANY, INC., *Intervenor/Appellant.*

Opinion filed October 27, 1983.

*Paul Hasty, Jr.,* of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, for intervenor/appellant.

*Leonard O. Thomas,* of Weeks, Thomas & Lysaught, Chartered, of Overland Park, for plaintiff/appellee.

Before REES, P.J., ABBOTT, J., and HARRY G. MILLER, District Judge Retired, assigned.

REES, J.: This is a case of first impression under the Kansas Automobile Injury Reparations Act (KAIRA), K.S.A. 40-3101 *et seq.,* involving the scope of the insurer's statutory right of subrogation under K.S.A. 40-3113a when the insured obtains duplicative recovery from a tortfeasor.

In the early evening hours of March 1, 1979, Sherman Yunghans sustained personal injury when a pickup truck he was driving collided with a yearling steer on Highway K-5 in Leavenworth County. Yunghans sued David Carson, the owner of the steer, on theories of negligence and absolute liability. Farm Bureau Mutual Insurance Company, Inc., plaintiff's insurer, intervened claiming a right to subrogation pursuant to K.S.A. 40-3113a. Farm Bureau had paid Yunghans $2,000 in medical benefits under the personal injury protection (PIP) endorsement to an automobile liability insurance policy it had issued to Yunghans. On Yunghans' motion, the trial court dismissed Farm Bureau from the action on the ground that it had no lien on any recovery by Yunghans from Carson. Yunghans and Carson later settled and Yunghans' claim was dismissed with prejudice. Farm

Bureau has appealed raising a single issue: Whether an insurer paying PIP benefits has a lien and a right of subrogation for duplicative recovery by its insured from a tortfeasor other than an owner, operator or occupant of a motor vehicle.

Determination of this issue depends on statutory construction of K.S.A. 40-3113a. That section states:

"(a) When the injury for which personal injury protection benefits are payable under this act are [sic] caused under circumstances creating a legal liability against a tortfeasor pursuant to K.S.A. 40-3117, the injured person . . . shall have the right to pursue his . . . remedy by proper action in a court of competent jurisdiction against such tortfeasor.

"(b) In the event of recovery from such tortfeasor by the injured person . . . the insurer . . . shall be subrogated to the extent of duplicative personal injury protection benefits provided to date of such recovery and shall have a lien therefor against such recovery and the insurer . . . may intervene in any action to protect and enforce such lien."

### K.S.A. 40-3117 reads in part as follows:

"In any action for tort brought against the owner, operator or occupant of a motor vehicle or against any person legally responsible for the acts or omissions of such owner, operator or occupant, a plaintiff may recover damages in tort for pain, suffering, mental anguish, inconvenience and other non-pecuniary loss because of injury only in the event the injury requires medical treatment of a kind described in this act as medical benefits, having a reasonable value of five hundred dollars ($500) or more . . . ."

Our rules of statutory construction are well established and often cited. Extended repetition of them is not merited. The following summarizes the rules presently relevant:

" 'The fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statutes. Legislative intent is to be determined by a general consideration of the entire act. Effect should be given, if possible, to the entire statute and every part thereof. To this end it is the duty of the court, so far as is practicable, to reconcile the different provisions so as to make them consistent, harmonious and sensible. *Where a statute is plain and unambiguous, this court must give effect to the intention of the legislature as expressed rather than determine what the law should or should not be.* Where various provisions of an act conflict, this court should attempt to reconcile such provisions in order to make them harmonious and sensible.' " (Emphasis added.) *Hall v. State Farm Mut. Auto. Ins. Co.*, 8 Kan. App. 2d 475, 478, 661 P.2d 402, *rev. denied* 233 Kan. 1091 (1983), quoting *Arduser v. Daniel International Corp.*, 7 Kan. App. 2d 225, Syl. ¶ 1, 640 P.2d 329, *rev. denied* 231 Kan. 799 (1982).

See also *Capital Electric Line Builders, Inc. v. Lennen*, 232 Kan. 379, 383-84, 654 P.2d 464 (1982), *modified* 232 Kan. 652, 658

P.2d 365 (1983); *Johnson v. McArthur,* 226 Kan. 128, 135, 596 P.2d 148 (1979); *Krauzer v. Farmland Industries, Inc.,* 6 Kan. App. 2d 107, 113, 626 P.2d 1223, *rev. denied* 229 Kan. 670 (1981).

Farm Bureau argues denial of subrogation under the circumstances of the present case would frustrate the legislative intent to prevent duplicative recovery by an insured. Yunghans contends that the statutory language is clear and that subrogation under these circumstances could be achieved only by judicial revision of the statute. We agree that the statutory language is plain and does not grant a PIP insurer the right of subrogation under the facts of the present case.

Admittedly, one of the purposes of K.S.A. 40-3113a(*b*) is to prevent double recovery. See, *e.g., Russell v. Mackey,* 225 Kan. 588, 592-593, 592 P.2d 902 (1979); *Hall v. State Farm Mut. Auto. Ins. Co.,* 8 Kan. App. 2d at 481-82. Some limitations, however, are placed on the PIP insurer's subrogation right. See K.S.A. 40-3113a(*d*) (reduction by percentage of negligence attributable to the injured person under K.S.A. 60-258a); K.S.A. 40-3113a(*e*) (apportionment of attorney fees).

It is apparent from the language of K.S.A. 40-3113a that the subrogation right granted by that statute does not apply to Yunghans' recovery from the owner of the steer with which his motor vehicle collided. Again, K.S.A. 40-3113a(*a*) provides:

"When the injury for which personal injury protection benefits are payable under this act are [*sic*] caused under circumstances creating a legal liability against a tortfeasor pursuant to K.S.A. 40-3117, the injured person . . . shall have the right to pursue his . . . remedy by proper action in a court of competent jurisdiction against *such tortfeasor.*" (Emphasis added.)

In addition to the provisions of K.S.A. 40-3117 regarding its applicability to nonpecuniary loss claims and the threshold requirement for the assertion of such claims, K.S.A. 40-3117 designates the tortfeasor with respect to whom that section applies; that party is "the owner, operator or occupant of a motor vehicle or . . . any person legally responsible for the acts or omissions of such owner, operator or occupant . . . ." K.S.A. 40-3113a(*b*), the statutory subrogation provision, begins, "In the event of recovery from *such tortfeasor* . . . ." (Emphasis added.) The tortfeasor referred to is unmistakably the "owner, operator or occupant of a motor vehicle or . . . any person legally responsible" for his acts, the same party described as

"such tortfeasor" at the conclusion of K.S.A. 40-3113a(*a*) and who is identified by the reference in K.S.A. 40-3113a(*a*) to K.S.A. 40-3117.

In the instant action, the tortfeasor against whom the insured's action was brought was the owner of the steer and that tortfeasor's liability did not arise out of operation or use of a motor vehicle but rather out of violation of statutes which prohibit allowing cattle to run at large. K.S.A. 47-122; K.S.A. 47-311.

Under the plain statutory language, intervenor Farm Bureau has no right of subrogation to plaintiff's recovery from the owner of the steer.

Affirmed.