No. 57,528

STATE OF KANSAS, *Plaintiff/Appellant*, v. BILLY LEE THOMPSON, *Defendant/Appellee*.

(701 P.2d 694)

Opinion filed June 21, 1985.

*John L. Swarts, III*, assistant county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for appellant.

*Craig J. Altenhofen*, of Harper & Hornbaker, Chartered, of Junction City, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

LOCKETT, J.: This is an appeal by the State from a decision in the district court of Geary County in which the court found that K.S.A. 21-4113(1)(a), harassment by telephone, is unconstitutional.

In September 1984, Billy Lee Thompson was summoned to appear in the district court of Geary County on charges of violating K.S.A. 21-4113(1)(a) on two occasions. Thompson appeared with counsel, waived formal arraignment and entered a plea of not guilty.

The defendant later requested discovery and demanded a jury trial. In October 1984, Thompson's attorney moved to dismiss the complaint on the grounds that K.S.A. 21-4113(1)(a) is unconstitutionally overbroad. The court determined that the statute

was overly broad and therefore constitutionally invalid. The charges against the defendant were dismissed with prejudice. The State appeals.

The general rule governing the standing of a party to challenge the constitutionality of legislation is that a litigant to whom a statute may constitutionally be applied will not be heard to challenge the statute on the ground that it may conceivably be applied unconstitutionally to others, in situations not before the court. *Broadrick v. Oklahoma,* 413 U.S. 601, 37 L.Ed.2d 830, 93 S.Ct. 2908 (1973). In the area of the First Amendment, limited exceptions to this rule are recognized. Courts have permitted attacks on overly broad statutes with no requirement that the person making the attack demonstrate that his own conduct could not be regulated by a statute drawn with the requisite narrow specificity. *Freedman v. Maryland,* 380 U.S. 51, 13 L.Ed.2d 649, 85 S.Ct. 734 (1965). A person is allowed to challenge a statute as overly broad based upon the assumption that the statute's very existence may cause others not before the court to refrain from constitutionally protected speech or expression.

This court adheres to the proposition that the constitutionality of a statute is presumed, that all doubts must be resolved in favor of its validity, and before the statute may be stricken down, it must clearly appear the statute violates the constitution. Moreover, it is the court's duty to uphold the statute under attack, if possible, rather than defeat it, and if there is any reasonable way to construe the statute as constitutionally valid, that should be done. *City of Baxter Springs v. Bryant,* 226 Kan. 383, 598 P.2d 1051 (1979). We have stated that the fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. In determining legislative intent, courts are not limited to a mere consideration of the language employed but may properly look to the historical background of the enactment, the circumstances attending its passage, the purposes to be accomplished and the effect the statute may have under the various constructions suggested. *Jackson v. City of Kansas City,* 235 Kan. 278, 319, 680 P.2d 877 (1984); *State v. Luginbill,* 223 Kan. 15, 19, 574 P.2d 140 (1977); *Hunziker v. School District,* 153 Kan. 102, 107, 109 P.2d 115 (1941); *Yunghans v. Carson,* 9 Kan. App. 2d 45, 46, 670 P.2d 928

(1983); *State ex rel. Stephan v. Brotherhood Bank and Trust Co.,* 8 Kan. App. 2d 57, 59, 649 P.2d 419, *rev. denied,* 232 Kan. 876 (1982).

K.S.A. 21-4113(1)(a) provides:

"21-4113. **Harassment by telephone.** (1) Harassment by telephone is use of telephone communication for any of the following purposes:

(a) Making any comment, request, suggestion or proposal which is obscene, lewd, lascivious, filthy or indecent."

Is K.S.A. 21-4113(1)(a) unconstitutional by reason of overbreadth? This court considered the overbreadth doctrine in *State v. Stauffer Communications, Inc.,* 225 Kan. 540, 592 P.2d 891 (1979). There the defendant challenged a statute which subjected persons to criminal sanctions for publishing information concerning issuance of arrest warrants prior to their execution and return when the information was obtained from a public record. Finding that reporters had a right to publish information contained in official public records, the court refused to hold that the statute suffered from overbreadth, having already determined that the defendant's conduct was constitutionally protected. A statute which is overbroad is one which makes conduct punishable which under some circumstances is constitutionally protected from criminal sanctions. See, *e.g., Zwickler v. Koota,* 389 U.S. 241, 19 L.Ed.2d 444, 88 S.Ct. 391 (1967), and cases cited at 389 U.S. 250.

The fact a statute appears on its face to make constitutionally protected speech criminal does not, however, necessarily require that it be struck down as overbroad. A statute which is facially overbroad may be authoritatively construed and restricted to cover only conduct which is not constitutionally protected and, as so construed, the statute will thereafter be immune from attack on grounds of overbreadth. *State v. Motion Picture Entitled "The Bet,"* 219 Kan. 64, 547 P.2d 760 (1976); *State v. Allen & Rosebaugh,* 1 Kan. App. 2d 32, 562 P.2d 445 (1977). The defendant in *State v. Huffman,* 228 Kan. 186, 612 P.2d 630 (1980), contended that the Kansas disorderly conduct statute, K.S.A. 21-4101, was unconstitutional on the basis of overbreadth. The court narrowly construed the statute to prohibit speech within the limited category of fighting words and upheld the statute's constitutionality.

A number of other courts have considered overbreadth in

relation to similar harassment by telephone statutes. Generally, those courts which have upheld the constitutionality of such statutes have done so because each subsection of the statute has required specific intent for a violation. Those states which have found such statutes overly broad have done so when a particular section does not require a specific intent to commit the forbidden act.

In *Walker v. Dillard,* 523 F.2d 3 (4th Cir.), *cert. denied* 423 U.S. 906 (1975), the court considered the constitutionality of a Virginia statute which provided that "[i]f any person shall curse or abuse anyone, or use vulgar, profane, threatening or indecent language over any telephone in this State, he shall be guilty of a misdemeanor. . . ." The court said that nearly every operative word of the statute was susceptible of an overbroad construction and held that the statute was facially and substantially overbroad and could not be enforced unless a limiting construction or partial invalidation by the state courts was provided to narrow its construction. The federal court refused to provide such construction, stating that it lacked the jurisdiction to construe state legislation. See also *Radford v. Webb,* 446 F. Supp. 608 (W.D.N.C. 1978); *State v. Dronso,* 90 Wis. 2d 110, 279 N.W.2d 710 (Ct. App. 1979); and *State v. Keaton,* 371 So.2d 86 (Fla. 1979).

In Arizona, where a statute provided that "it shall be unlawful for any person, with intent to terrify, intimidate, threaten, harass, annoy or offend, to telephone another and use any obscene, lewd or profane language or suggest any lewd or lascivious act. . . .", the statute has been held constitutional. *State v. Hagen,* 27 Ariz. App. 722, 558 P.2d 750 (1976). Other courts have determined that the state has a legitimate interest in prohibiting obscene, threatening, or harassing phone calls, none of which are generally thought of as protected by the First Amendment. By specifying the *intent* with which the call must be made and the nature of the language prohibited, the statute clearly demonstrates that the prohibited activities find no protection under the First Amendment. States do not abridge a person's First Amendment freedom by prohibiting telephone calls that are obscene, lewd or profane, provided such calls are made with the intent specified in the statute. See, *e.g., Gormley v. Dir., Conn. State Dept. of Prob.,* 632 F.2d 938 (2d Cir.), *cert. denied* 449 U.S.

1023 (1980); *Constantino v. State,* 243 Ga. 595, 255 S.E.2d 710, *cert. denied* 444 U.S. 940 (1979); and *State v. Jaeger,* 249 N.W.2d 688 (Iowa 1977).

Is K.S.A. 21-4113(1)(a), a penal statute, unconstitutional for reason of overbreadth? Penal statutes must be strictly construed in favor of the persons sought to be subject to them. The rule of strict construction simply means ordinary words are to be given their ordinary meaning. The statute should not be read to add that which is not readily found therein or to read out what, as a matter of ordinary English language, is contained therein. A statute should never be given a construction that leads to uncertainty, injustice or confusion, if it is possible to construe it otherwise. In construing a statute, words and phrases should be construed according to the context, and the approved usage of the language and words in common use are to be given their natural and ordinary meaning. *State v. Dubish,* 234 Kan. 708, 675 P.2d 877 (1984).

Freedom of speech and of the press are among the most fundamental personal rights and liberties of the people. The constitutional provisions do not confer an absolute right to speak or publish without responsibility for whatever one may choose to communicate. The State has a legitimate justifiable interest in regulating and prohibiting intrusion by means of the telephone by individuals who intend to harass the listener by making comments, requests, suggestions or proposals which are obscene, lewd, lascivious, filthy or indecent.

Defendant claims that K.S.A. 21-4113(1)(a) is unconstitutionally overbroad because it makes conduct punishable which under some circumstances is constitutionally protected from criminal sanctions. The defendant does not contend that the words "obscene, lewd, lascivious, filthy or indecent" are themselves overly broad when considered in their everyday usage, but that there is no requirement of criminal intent to harass contained within subsection (a), and the statute therefore criminalizes the making of any comment, request, suggestion or proposal which is obscene, lewd, lascivious, filthy or indecent whether or not there is an intent by the caller to harass, bother, or otherwise disturb. We disagree.

In common law, it was the general rule that acts are criminal only when they are accompanied by a blameworthy state of

mind, *i.e.*, specific intent, knowledge, willfulness, culpable negligence or general *mens rea*. When an act is prohibited and made punishable by statute alone, the statute is to be construed in the light of the common law. The existence of a criminal intent is regarded as essential even though the terms of the statute do not require it, unless it clearly appears that the legislature intended to make the act criminal without regard to the intent with which it was done. *State v. Hart*, 200 Kan. 153, 434 P.2d 999 (1967). In *Hart*, K.S.A. 21-2437 (Corrick) made it a crime for an individual to possess tools or devices suitable for and commonly used for unlawful breaking and entering. The defendant claimed that the statute was so vague and ambiguous that men of ordinary understanding or common intelligence could only guess at the meaning and differ as to its application, and that it lacked the first essential of due process since the statute did not require that there be an intent to use the tools or devices for a criminal purpose. The court concluded that the statute forbid the possession of tools or devices suitable for and commonly used in unlawful breaking and entering and that the legislature required the possession be *with intent to use those tools for that unlawful purpose.*

In 1969 the Kansas legislature passed the criminal code. The legislature enacted K.S.A. 21-3201, which codified the prior common law and case law regarding criminal intent. The statute states that criminal intent is an essential element of every crime defined by the code. An intent may be established by proof that the conduct of the accused person was willful or wanton. Proof of willful conduct shall be required to establish criminal intent, unless the statute defining the crime expressly provides that the prohibited act is criminal if done in a wanton manner. In addition, the statute provides certain exceptions to the requirement of criminal intent which do not apply to K.S.A. 21-4113(1)(a).

As previously stated, when construing a statute, words and phrases should be construed according to the context and the approved usage of the language, and words in common use are to be given their natural and ordinary meaning. K.S.A. 21-4113 states that harassment by telephone is the use of telephone communications "for any of the following purposes."

"Purpose is defined in Black's Law Dictionary as "[t]hat which one sets before him to accomplish; an end, intention, or

aim, object, plan, project." Black's Law Dictionary 1112 (5th ed. 1979). A willful act has been defined as "one done intentionally, knowingly, and purposely, without justifiable excuse, as distinguished from an act done carelessly, thoughtlessly, heedlessly, or inadvertently." Black's Law Dictionary 1434 (5th ed. 1979). That portion of the Kansas criminal intent statute (K.S.A. 21-3201[2]) that defines "willful conduct" states it is "conduct that is purposeful and intentional and not accidental." By construing 21-3201 in conjunction with 21-4113(1)(a), we find that the specific intent and willful conduct necessary for a criminal act is present—*i.e.,* intent to harass is an element of the crime of harassment by telephone. We therefore hold that the district court erred when it determined that K.S.A. 21-4113(1)(a) was unconstitutional.

The district court is reversed and the case remanded for further proceedings.