(923 P.2d 1059)
No. 74,487

DARRYL PAYTON, *Appellant*, v. STATE OF KANSAS, *Appellee.*

—

Opinion
filed September 13, 1996.

*Jean K. Gilles Phillips*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Terra D. Morehead*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before PIERRON, P.J., ELLIOTT and MARQUARDT, JJ.

PIERRON, P.J.: Darryl Payton appeals the district court's denial of his motion for writ of habeas corpus pursuant to K.S.A. 60-1507. Payton argues he was denied 3 years of jail time credit when the district court refigured his sentence under the Kansas Sentence Guidelines Act (KSGA) after he committed a felony while on parole. We agree and reverse.

On September 24, 1991, a jury convicted Payton of aggravated battery, and the district court sentenced him to 5 to 20 years' imprisonment. On November 24, 1993, the Kansas Parole Board granted Payton parole, and he was released from custody. While

on parole, Payton was convicted of one count of possession of narcotics for events occurring on December 31, 1993, and one count of robbery for events occurring on January 9, 1994. He was sentenced to concurrent terms of 28 months' and 57 months' incarceration respectively. It is unclear from the record, but the State does not contest the fact that Payton's 5- to 20-year sentence was then converted pursuant to K.S.A. 1993 Supp. 22-3717(f) to 12 months, to run consecutive to his new sentence. This gave Payton a new sentence of 69 months' incarceration [57 (new) + 12 (original then converted)].

Payton filed a motion for writ of habeas corpus pursuant to K.S.A. 60-1507 requesting that he receive 3 years jail time credit against the converted 12-month sentence. The district court denied the motion, stating:

"I believe it's clear and specific and converts the unused portion of the sentence to 1 year. The reason they say parole or conditional release is that these particular individuals are in a unique situation as opposed to someone who served his entire sentence and just been released, flat out. Not on parole or anything else. Parole implies there's something remaining and if you violate these conditions, you'll have to go back and serve the rest of that sentence."

Payton argues the district court incorrectly denied his motion for writ of habeas corpus because he has 3 years of jail time credit that should be applied to this converted sentence under the KSGA.

A resolution of the issue will require this court to interpret the applicable provisions of the KSGA. Questions of statutory interpretation are questions of law. When determining questions of law, this court is not bound by the decision of the district court. *State v. Donlay*, 253 Kan. 132, 133-34, 853 P.2d 680 (1993). We are guided in our statutory analysis by the following:

"The power to prescribe the penalty to be imposed for the commission of a crime rests exclusively with the legislature, not the courts. The power of the legislature to specify the punishment for a crime is controlled only by the Constitutions of the United States and the State of Kansas." *State v. Keeley*, 236 Kan. 555, 560, 694 P.2d 422 (1985).

"We have stated that the fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. In determining legislative intent, courts are not limited to a mere consideration of the language employed

but may properly look to the historical background of the enactment, the circumstances attending its passage, the purposes to be accomplished and the effect the statute may have under the various constructions suggested. [Citations omitted.]" *State v. Thompson*, 237 Kan. 562, 563, 701 P.2d 694 (1985).

"Penal statutes must be strictly construed in favor of the persons sought to be subject to them. The rule of strict construction simply means ordinary words are to be given their ordinary meaning. The statute should not be read to add that which is not readily found therein or to read out what, as a matter of ordinary English language, is contained therein. A statute should never be given a construction that leads to uncertainty, injustice or confusion, if it is possible to construe it otherwise. In construing a statute, words and phrases should be construed according to the context, and the approved usage of the language and words in common use are to be given their natural and ordinary meaning. [Citation omitted.]" 237 Kan. at 566.

This case deals with a relatively small window of applicability. With the implementation of the KSGA, the legislature amended K.S.A. 22-3717 to provide that if an inmate was sentenced for a felony committed after July 1, 1993, while on parole or conditional release for a felony committed prior to July 1, 1993, the old sentences would be converted into a determinate sentence. The converted sentence would then run consecutive to the new sentences: 12 months for class C, D, or E felonies or the conditional release date, whichever is shorter, and 36 months for class A or B felonies or the conditional release date, whichever is shorter. See K.S.A. 1993 Supp. 22-3717(f); Kansas Sentencing Guidelines Desk Reference Manual, p. 36 (1995).

Soon after imposition of the KSGA, the Kansas Legislature amended K.S.A. 1993 Supp. 22-3717(f), and the changes became effective March 24, 1994. L. 1994, ch. 21, § 1. This statute now reads in relevant part:

"If a person is sentenced to prison for a crime committed on or after July 1, 1993, while on probation, parole, conditional release or in a community corrections program, for a crime committed prior to July 1, 1993, and the person is not eligible for retroactive application of the sentencing guidelines and amendments thereto pursuant to K.S.A. 21-4724 and amendments thereto, the new sentence shall not be aggregated with the old sentence, but shall begin when the person is paroled or reaches the conditional release date on the old sentence. If the offender was past the offender's conditional release date at the time the new offense was committed, the new sentence shall not be aggregated with the old sentence but

shall begin when the person is ordered released by the Kansas parole board or reaches the maximum sentence, whichever is earlier. The new sentence shall then be served as otherwise provided by law."

Applying the new version of K.S.A. 22-3717(f), if an inmate is sentenced to prison for a crime committed on or after March 24, 1994, upon revocation of parole the old sentence will not be converted to a determinate term of months and aggregated with the sentence for the new crime. Instead, after revocation of parole, the offender will not begin serving the new sentence until the offender is reparoled, conditionally released, or reaches the maximum expiration date of the sentence. This is contrary to the 1993 version of 22-3717(f), and it evidences a clear intent by the legislature to remedy the problem involved in this case. However, we are concerned with the 1993 version of 22-3717(f) since Payton committed the crimes while on parole during December 1993 and January 1994. Criminal statutes and penalties in effect at the time of a criminal offense are controlling. *State v. Mayberry*, 248 Kan. 369, Syl. ¶ 15, 807 P. 2d 86 (1991).

The State argues it is absurd to think that a parolee would serve no additional time after violating parole by committing a new offense and insists the statute does not provide that "if the inmate has already served the converted time and his conditional release date has passed, he would no longer be subject to further 'incarceration.' " However, the State's proposition fails to take into consideration the fact that the offender must still serve the jail time for the crimes committed on parole regardless of whether he or she has completed the sentence of the old crimes.

Additionally, the State's theory does not account for the situation of an inmate being on parole during the implementation of the KSGA. The underlying premise of the KSGA was to reduce the prison population while protecting public safety. Those inmates who were considered "less serious offenders" were granted a conversion of their sentence under the KSGA. *Chiles v. States*, 254 Kan. 888, 901, 903, 869 P.2d 707, *cert. denied* 130 L. Ed. 2d 88 (1994). Arguably, a somewhat similar rationale is used for inmates who are granted parole. In this case the parole board found there was a "reasonable probability that [Payton] is able and willing to

fulfill the obligations of a law-abiding citizen" and granted him parole. Therefore, inmates who are granted parole are those individuals considered less serious offenders or not a threat to public safety.

There are no provisions in the KSGA to support the district court's holding that only the unserved portion of Payton's original sentence is converted to the 12-month determinate sentence. K.S.A. 1993 Supp. 22-3717(f) provides for the conversion of the old sentence, not conversion of the remaining time on the old sentence. In general, if an inmate was incarcerated during the imposition of the KSGA, the Kansas Department of Corrections was required to convert the sentences of those eligible inmates. See *State v. Gonzales*, 255 Kan. 243, Syl. ¶ 5, 874 P.2d 612 (1994) (legislative intent in adopting the retroactivity provision of the KSGA was to make conversion mandatory). In converting the indeterminate sentences, the inmates are not required to serve the KSGA sentence in addition to the time already served, but are released if the jail time credit already exceeds the inmate's KSGA converted sentence. See *Phillpot v. Shelton*, 19 Kan. App. 2d 654, 661-64, 875 P.2d 289, *rev. denied* 255 Kan. 1003 (1994) (court considered and rejected the argument that time spent in prison under the prior sentence should satisfy both the prison and post-release supervision portions of the converted guidelines sentence). The language of K.S.A. 1993 Supp. 22-3717(f) provides for nothing but mandatory conversion of the parole violator's indeterminate sentence.

We adhere to the principle of statutory construction that a statute should not be read to add that which is not readily found therein. See *Thompson*, 237 Kan. at 566. Although the legislature has apparently remedied the jail time credit problems of a case of this nature for felonies committed on parole or conditional release after March 24, 1994, Payton is covered by the 1993 version of K.S.A. 22-3717(f). Payton is entitled to conversion of his entire indeterminate sentence, and given his time served, he has completed his sentence for the crimes committed in 1991. Otherwise, he would be deprived of jail time credit. See *State v. Fowler*, 238 Kan. 326, 336, 710 P.2d 1268 (1985) (in Kansas, the right to jail

time credit is statutory); *State v. Babcock*, 226 Kan. 356, Syl. ¶ 1, 597 P.2d 1117 (1979) (K.S.A. 21-4614 requires that a defendant be given credit for time spent in jail).

This decision, of course, does not affect the 57-month sentence imposed for the robbery and possession of narcotics convictions.

Reversed.