Stan W. Morgan Myers, Pottroff Ball P. O. Box 489 Manhattan, Kansas 66505-0489
Dear Mr. Morgan:
As Riley County Counselor you request our opinion regarding the sale of county-owned property. You state that in 1984 the voters of Riley County approved the sale of certain property. The county now wishes to sell that property (Tract A) along with an adjoining tract of land (Tract B). Each tract exceeds $100,000 in value. Because the provisions of K.S.A. 19-211 which govern the sale of county property have changed since 1984, you specifically ask:
 1. Is the approval given by the voters in 1984 for the sale of Tract A still valid or will there need to be a new election?
 2. Will the current provisions of K.S.A. 19-211
regarding notice of sale and sale procedures apply to both tracts?
 3. Does the phrase "in the manner deemed most prudent by the board of commissioners" in K.S.A. 19-211 allow the county to sell both tracts by either public auction or sealed bids?
 4. How specifically must the terms of sale be set forth in the notice of sale, or on the ballot if an election is required?
 5. Does the notice of election concerning Tract A published on July 1, 1984, restrict the sale terms for Tract A?
K.S.A. 19-211 sets forth procedural requirements for the sale of county property. Prior to April 1989, that statute required that a board of county commissioners submit the question of whether to sell any county property valued over $100,000 to a vote of the electors of the county. The property could only be sold if a majority of the votes cast at that election authorized the sale. You inform us that the voters of Riley County approved the sale of Tract A in 1984, however that tract was never sold by the Board of County Commissioners. In 1989, K.S.A. 19-211 was amended to eliminate the requirement of voter approval unless a protest petition signed by not less than 2% of the qualified electors of the county is filed with the county election officer, and to require a unanimous vote of the county commissioners. L. 1989, Ch. 82, § 1. You enclose a copy of the notice of special question election published in the Manhattan Mercury on July 1, 1984, and a copy of the special question ballot from August 7, 1984.
Your first two questions concern whether the approval given by the voters in 1984 for the sale of Tract A is still valid, and whether the current provisions of K.S.A. 19-211 regarding notice of sale and sale procedures apply to both tracts. Our research failed to disclose any Kansas cases or other legal authority directly on point, however the Kansas Supreme Court inState, ex rel., v. Crawford County Commissioners,160 Kan. 101 (1945), considered the issue of which statute authorized the board of county commissioners to sell real estate acquired under a judicial tax foreclosure sale. The foreclosure sale was completed by Crawford County in 1942 with the property being deeded to the County. The foreclosure statute in effect at that time authorized the County to sell the property at a reduced price if it remained unsold after six months following the tax foreclosure sale. In 1945, the statute was amended to require that such sale be advertised and made to the lowest bidder. A month after the amended statute took effect, the Crawford County Commissioners decided to sell the property acquired through the 1942 foreclosure action. Prior to the sale being advertised, the plaintiff made a written offer to buy the property. The Board of County Commissioners refused the offer. The plaintiff then filed this mandamus action to compel the sale. The plaintiff argued that because the tax foreclosure took place in 1942, the property should be sold pursuant to the statute then in effect notwithstanding the amendments made in 1945. The Court rejected that argument stating:
 "This position cannot be sustained for two reasons: G.S. 1941 Supp. 79-2804f was repealed by House bill No. 340, effective April 1, 1945, and was not in force in May, 1945, when the county reduced its price and Mr. Simion offered to buy. Second, the authority of the county to sell the property in question is a statutory authority. (Citations omitted.) The county has no vested interest in the manner of disposing of the property which the legislature could not change. In May, 1945, House bill No. 340 was in full force and effect and section 7 of that act provided the only method by which the county could sell the property in question. It is stipulated there had been no advertising of the property, as required by that section. Mandamus will not lie to require the board of county commissioners to do something which they are not authorized to do under the law." State ex rel., v. Crawford County Commissioners, 160 Kan. at 103.
We believe this case is applicable to the facts you present. Although the voters of Riley County approved the sale of Tract A in 1984, the County never exercised the authority granted and the property was never sold. The statute under which that election was held was repealed in 1989 without any grandfather provision or exception for counties who had conducted an election under the prior statute. L. 1989, Ch. 82, § 2. The Legislature determined that K.S.A. 19-211, as amended in 1989, should take effect and be in force from and after its publication in the Kansas Register on April 20, 1989, and that the amended statute should apply to any county selling property after that date. L. 1989, Ch. 82, § 3. Therefore, in our opinion, the approval given by the voters in 1984 is no longer effective and the county should follow the current provisions of K.S.A. 19-211
for the sale of both Tract A and Tract B.
You next ask whether both tracts may be sold by either public auction or sealed bids. K.S.A. 19-211 provides in pertinent part:
 "The property shall be sold or disposed of publicly, in the manner deemed prudent by the board of county commissioners, to the person or entity tendering the highest and best bid as determined by the board. The board of county commissioners shall have the right to reject any or all bids."
Kansas appellate courts have set forth the following guidelines for interpreting statutes:
 "[T]he fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. In determining legislative intent, courts are not limited to a mere consideration of the language employed but may properly look to the historical background of the enactment, the circumstances attending its passage, the purposes to be accomplished and the effect the statute may have under the various constructions suggested." Payton v. State, 22 Kan. App. 2d 843, 844-45 (1996), quoting State v. Thompson, 237 Kan. 562, 563 (1985).
The legislative history of K.S.A. 19-211 indicates that in 1989 the Legislature removed the requirement of voter approval to sell property valued over $100,000. L. 1989, Ch. 82, § 1. In 1993 the Legislature again amended K.S.A. 19-211 to add the following language:
 "The property shall be sold or disposed of publicly, in the manner deemed prudent by the board of county commissioners, to the person or entity tendering the highest and best bid as determined by the board." L. 1993, Ch. 198, § 1.
The revisions of 1989 and 1993 broadened the discretion of county commissioners in determining whether to sell property and how to conduct that sale. Legislative committee discussion of the changes quoted above indicate that the legislative intent was to provide more flexibility to the board of county commissioners when selling county property. See
Minutes, House Committee on Local Government, February 16, 1993; Minutes, Senate Committee on Local Government, March 18, 1993.
When construing a statute, a court will give common words their ordinary and natural meaning. State ex.rel. Stephan v. Kansas Racing Commission, 246 Kan. 708,719 (1990). The word "prudent" is generally defined as exercising "skill and good judgment" [Merriam Webster'sCollegiate Dictionary 941 (10th ed. 1996)], and "[p]ractically wise, judicious, careful, discreet, circumspect, sensible." Black's Law Dictionary 1227 (6th ed. 1990). Applying the rules of statutory construction to the provision quoted above, it is our opinion that the Board of County Commissioners may exercise its discretion in determining the manner of sale as long as the property is sold publicly to the highest and best bidder. The Board may also use its discretion in determining which bid is the highest and best.
How specifically must the terms of sale be set forth in the notice of sale, or in the ballot for authorization to sell Tract B if such sale is required? The relevant portion of K.S.A. 19-211 provides :
 "Such notice shall state the time or date of the sale or disposition or the date after which the property will be offered for sale or disposal, the place of the sale or disposition, and the terms and conditions of the sale or disposition."
The legislative history indicates that the Legislature intended to provide flexibility to boards of county commissioners, and therefore, it is our opinion that the Board should exercise its discretion in determining the specificity of the sale terms and conditions to be included in the notice. The statute does not require that the terms and conditions of sale be included on the ballot if an election is required, however the Board of County Commissioners could choose to include them.
Finally you ask whether the 1984 notice of special question election for Tract A restricts the choice of sale terms. We find nothing in that notice that refers to any sale terms other than that the property will be sold to the highest bidder. The current provisions of K.S.A. 19-211
still require that the property be sold to the highest and best bidder, therefore, that notice would not restrict the choice of sale terms allowed by the current provisions of K.S.A. 19-211.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Donna M. Voth Assistant Attorney General
CJS:JLM:DMV:jm