(942 P.2d 55)
No. 75,798

STATE OF KANSAS, *Appellant*, v. LESLIE DANIEL RUSH, *Appellee*.

Opinion filed July 11, 1997.

*Julie McKenna*, county attorney, and *Carla J. Stovall*, attorney general, for appellant.

*Elizabeth Seale Cateforis*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellee.

Before BRAZIL, C.J., PIERRON, J., and PADDOCK, S.J.

PADDOCK, J.: The State appeals the granting of a departure sentence by the district court.

Leslie Daniel Rush pled no contest to rape, as defined by K.S.A. 21-3502(a)(2). Defendant was found guilty of engaging in sexual intercourse with a child under 14 years of age.

The presumptive sentence for the crime was from 86 to 96 months, based on a crime severity level of 2 and a criminal history category of G. The district court on Rush's motion granted a durational departure and sentenced Rush to 40 months' imprisonment.

The State argues that there was neither substantial competent evidence nor substantial and compelling reasons for a departure. We disagree and affirm the district court.

At the preliminary hearing, the victim, L.B., testified that she and her friend called Rush to come over because they thought that there was someone sneaking around outside the house. L.B. knew that Rush had been drinking when he came over. L.B. testified

that Rush gave her a "hickey" based on a dare from L.B.'s friend. Rush asked L.B. if she was going to take her shirt off, and so she did. The two then engaged in sexual intercourse.

L.B. told a police officer who questioned her after the incident that she believed it was her fault "[b]ecause I'm the one that always had it—wanted something from him. I just wanted a relationship with him. And I'm the one that made the moves on him that night."

The district judge made the following findings on the departure motion:

"But I do find in this case this young victim indicated she was . . . sexually experienced. She thought, in her own mind, that she had made moves, as she said. And so I find that she was a willing participant, more so than in some other cases. She was not under any infirmity. As far as I can tell, [Rush] had no part in feeding her liquor, drugs, alcohol, or anything else to get her to participate in this particular act.

"I think the act was reprehensible. But since the legislature makes it incumbent upon the court to find certain circumstances—that there are the substantial and compelling reasons to compel and depart, which would ordinarily be present, and that the victim was aggressive in this sexual act which led to . . . this crime. And so the court will grant a durational departure."

## Standard of Review

Our standard of review is to determine whether the court's findings of fact and reasons justifying departure are supported by substantial competent evidence and whether the findings constitute substantial and compelling reasons for departure. *State v. Richardson*, 20 Kan. App. 2d 932, 939-40, 901 P.2d 1 (1995). We find that there was substantial competent evidence based on L.B.'s testimony that L.B. was a willing participant and aggressor in the sexual act.

Next, this court inquires whether the factors relied upon by the trial court constituted substantial and compelling reasons. Such inquiry is a question of law. *State v. Favela*, 259 Kan. 215, 232, 911 P.2d 792 (1996); *State v. Gideon*, 257 Kan. 591, 623, 894 P.2d 850 (1995).

"The term 'substantial' refers to something that is real, not imagined, something with substance and not ephemeral. The term 'compelling' implies that the court is forced, by the facts of the case

to leave the status quo, or go beyond what is ordinary." *State v. Rhoads*, 20 Kan. App. 2d 790, Syl. ¶ 3, 892 P.2d 918 (1995).

The district court's reason for departure was that L.B. was an aggressor in the act. That the victim was an aggressor is one of those factors recognized as a substantial and compelling mitigating factor by K.S.A. 21-4716(b)(1)(A). Thus, such finding is in itself a substantial and compelling reason to depart.

Additionally, K.S.A. 21-4719(b) states: "When a sentencing judge departs in setting the duration of a presumptive term of imprisonment: (1) The judge shall consider and apply the enacted purposes and principles of sentencing guidelines to impose a sentence which is proportionate to the severity of the crime of conviction and the offender's criminal history."

One of the purposes behind enacting the guidelines was to reserve space in prison for serious/violent offenders in order to reduce prison overcrowding. *Favela*, 259 Kan. at 233. The trial court's finding that L.B. was an aggressor indicates that Rush committed the offense but there were mitigating circumstances. Therefore, departing based on that fact would be consistent with the guidelines. See 259 Kan. at 238.

### The relevancy issue

Finally, the State argues that even if L.B. was an aggressor in the act, the willing and even aggressive participation of a minor victim is irrelevant for the purposes of establishing the charge of rape and should also be irrelevant for sentencing purposes. We agree with the State that by the definition of the crime of rape in K.S.A. 21-3502(a)(2), the very act of engaging in sexual intercourse with a child under 14 years of age establishes the crime. The willing participation or aggression of the child in the act is no defense to the crime, and evidence of such participation would be irrelevant in regard to the criminal charge.

We, however, disagree with the State that the aggressive acts of the child can never be considered for sentencing purposes. Although the question has never been decided by a Kansas appellate court, our research reveals a similar issue has been considered by an Idaho court.

In *State v. Stiffler*, 114 Idaho 935, 938, 763 P.2d 308 (Ct. App. 1988), *aff'd* 117 Idaho 405, 788 P.2d 220 (1990), the issue before the court was whether an honest and reasonable mistake of fact as to the victim's age is a defense to the charge of statutory rape. The court held it was not, but stated that a female adolescent's sexual sophistication properly may be considered in imposing punishment.

Likewise, we find that although the aggressive act of a female victim leading up to an act of sexual intercourse is not a defense to the charge of rape as defined by K.S.A. 21-3502(a)(2), it may be properly considered in imposing punishment.

Affirmed.