(943 P.2d 76)
No. 76,333

STATE OF KANSAS, *Appellee*, v. STANLEY LEE BISSELL, *Appellant*.

Opinion filed August 1, 1997.

*Barry Albin*, of Kansas City, for appellant.

*Jerome A. Gorman*, assistant district attorney, *Nick A. Tomasic*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before LEWIS, P.J., RULON and GERNON, JJ.

GERNON, J.: Stanley Lee Bissell was convicted by a jury of voluntary manslaughter and was sentenced to a term of 5 to 20 years' imprisonment. In November 1995, Bissell filed a motion to have his sentence converted under the Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-4701 *et seq.* The district court denied Bissell's motion, and Bissell appeals.

On appeal, Bissell argues that the limited retroactivity provision of the KSGA violates his rights to equal protection of the law. This provision was upheld by the Kansas Supreme Court in *Chiles v.*

*State,* 254 Kan. 888, 903, 869 P.2d 707, *cert. denied* 513 U.S. 850 (1994). Bissell acknowledges *Chiles* but raises an argument not specifically addressed in that case.

Bissell argues that because certain inmates not eligible for conversion under K.S.A. 21-4724(b) could and did get converted sentences under K.S.A. 1993 Supp. 22-3717(f), refusal to convert his sentence violates constitutional equal protection requirements.

K.S.A. 1993 Supp. 22-3717(f) was in effect between July 1, 1993, and March 24, 1994, and provided that "if an inmate was sentenced for a felony committed after July 1, 1993, while on parole or conditional release for a felony committed prior to July 1, 1993, the old sentences would be converted into a determinate sentence." *Payton v. State,* 22 Kan. App. 2d 843, 845, 923 P.2d 1059 (1996). The length of the converted sentence depended on the class of the preguidelines felony. Effective March 24, 1994, K.S.A. 1993 Supp. 22-3717(f) was amended so that preguidelines sentences would not be converted. *Payton,* 22 Kan. App. 2d at 846.

In *Chiles,* the court held that the constitutionality of the KSGA must be reviewed under a rational basis standard. 254 Kan. at 899-900. Under that test, the statute must be upheld as long as the statutory classification bears some relevance to the purpose for which the classification was made. 254 Kan. at 900.

Although this court has not addressed the constitutionality of K.S.A. 1993 Supp. 22-3717(f), we did discuss its purpose in *Payton.* In that case, we noted:

"The underlying premise of the KSGA was to reduce the prison population while protecting public safety. Those inmates who were considered 'less serious offenders' were granted a conversion of their sentence under the KSGA. [Citation omitted.] Arguably, a somewhat similar rationale is used for inmates who are granted parole. In this case the parole board found there was a 'reasonable probability that [Payton] is able and willing to fulfill the obligations of a law-abiding citizen' and granted him parole. Therefore, inmates who are granted parole are those individuals considered less serious offenders or not a threat to public safety." 22 Kan. App. 2d at 846-47.

Based upon our holding in *Payton,* there appears to be a rational relationship between the purposes of the KSGA and the legislature's initial decision to allow otherwise ineligible inmates to have

their preguidelines sentences converted if they had been released on parole. Because a rational relationship exists, Bissell's equal protection challenge is rejected.

Affirmed.