**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 2 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ROBERT LEE WHITESIDE,

      Petitioner - Appellant,

v.

LOUIS E. BRUCE, Warden, El
Dorado Correctional Facility, and
CHARLES SIMMONS, Secretary of
Corrections,

      Respondents - Appellees.

No. 97-3173

D. Kansas

(D.C. No. 97-CV-3270)

---

**ORDER AND JUDGMENT**[*]

---

Before **ANDERSON**, **HENRY**, and **BRISCOE**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Robert Lee Whiteside is an inmate at the Ellsworth Correctional Facility. He brought this pro se action under 42 U.S.C. § 1983, asserting that his due process and equal protection rights were violated by the state's failure to convert his indeterminate sentence for parole violation to a determinate sentence under Kan. Stat. Ann. 1993 Supp. 22-3717(f).[1] He seeks "injunctive release and [a] declaratory judgment to be converted, released in 90 days and compensation [of] $750.00 a day for every day over 90 days." Appellant's Opening Br. at 2.

The district court construed his action as one seeking release, and therefore concluded that it was really a petition for habeas corpus filed under 28 U.S.C. § 2254. Because Mr. Whiteside has not exhausted state remedies, as required before a habeas petition can be brought, the court dismissed his action without

---

[1]The Kansas Court of Appeals recently described the Kansas statute upon which Mr. Whiteside relies as follows:

> K.S.A. 1993 Supp. 22-3717(f) was in effect between July 1, 1993, and March 24, 1994, and provided that "if an inmate was sentenced for a felony committed after July 1, 1993, while on parole or conditional release for a felony committed prior to July 1, 1993, the old sentences would be converted into a determinate sentence." The length of the converted sentence depended on the class of the preguidelines felony. Effective March 24, 1994, K.S.A. 1993 Supp. 22-3717(f) was amended so that preguidelines sentences would not be converted.

State v. Bissell, No. 76,333, 1997 WL 429621 (Kan. App. Aug. 1, 1997) (quoting Payton v. State, 923 P.2d 1059 (Kan. App. 1996)).

prejudice. The court denied a certificate of appealability, but granted Mr. Whiteside leave to proceed on appeal in forma pauperis.

The record is sparse and unclear as to whether Mr. Whiteside could even avail himself of the Kansas statute upon which he relies. Nonetheless, while he claims only to seek to have the procedures of the statute applied to him, the essential relief he seeks is to have his indeterminate sentence converted to a determinate one and to be released within 90 days. His claim "necessarily impl[ies] the invalidity of the punishment imposed, [and is therefore] not cognizable under § 1983." Edwards v. Balisok, 117 S. Ct. 1584, 1589 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). Accordingly, the district court properly treated Mr. Whiteside's action as a petition for a writ of habeas corpus and properly dismissed his petition, without prejudice, to permit him to exhaust state remedies.

Mr. Whiteside filed his habeas petition in the district court on June 13, 1997. Accordingly, we review his petition and appeal under 28 U.S.C. §§ 2253 and 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996) (effective April 24, 1996), and treat the posture of this case as a renewed application for a certificate of appealability. See 28 U.S.C. § 2253(c)(1). Because Mr. Whiteside has not made a substantial showing of the denial of a constitutional right, see

§ 2253(c)(2), we DENY a certificate of appealability and DISMISS the appeal.

The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge
