(990 P.2d 1241)
No. 82,369

STATE OF KANSAS, *Appellee*, v. LYN J. PENDLETON, *Appellant*.

Opinion filed October 29, 1999.

*Bradley J. Brown*, of Brown & Kent, of Wichita, for the appellant.

*Michelle M. Sehee*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for the appellee.

Before BRAZIL, P.J., LEWIS, J., and MARLA J. LUCKERT, District Judge, assigned.

LEWIS, J.: Defendant Lyn J. Pendleton is a bartender. While working at Molly Mae's bar in Wichita, she sold a cereal malt beverage to a 19-year-old customer. As a result, she was charged with a violation of K.S.A. 21-3610a and was convicted of violating that statute. This is her direct appeal from that conviction.

While defendant was tending bar at Mollie Mae's, a 19-year-old male ordered a beer. This particular 19-year-old male was working as a confidential informant for the Alcoholic Beverage Control when he ordered the cereal malt beverage in question. We shall

hereafter refer to the confidential informant as the "underage customer."

Defendant asked the underage customer to produce some identification, which he readily provided. The identification clearly showed that the underage customer had not reached the age of 21 years. Defendant, however, says that she had left her glasses at home and could not read the ID. Accordingly, she gave the ID to a bar patron, who also happened to be an experienced bartender, and asked that patron to read the ID. The patron misread the ID and told defendant that the underage customer was 21 years of age and that it was legal to serve him. Acting upon this advice, defendant sold the underage customer a cereal malt beverage. Defendant was then charged with a violation of K.S.A. 21-3610a, which makes it illegal to buy for or sell, give, or furnish, "whether directly or indirectly, any cereal malt beverage to any person under the legal age for the consumption of cereal malt beverage." Defendant admits that she sold a cereal malt beverage to an underage customer. Her defense is that she was genuinely mistaken as to the age of the underage customer and had no criminal intent in selling him the cereal malt beverage.

The question we must resolve is whether a person who is genuinely mistaken as to the age of a customer lacks the necessary criminal intent to be convicted of selling cereal malt beverages to a minor.

This issue involves our interpretation of a variety of statutes, including K.S.A. 21-3201 through 21-3204, as well as K.S.A. 21-3610a.

"Interpretation of a statute is a question of law, and our review is unlimited. *State v. Robinson*, 261 Kan. 865, 874, 934 P.2d 38 (1997). A fundamental rule of statutory construction is that the intent of the legislature governs when that intent can be ascertained from the statute. When a statute is plain and unambiguous, an appellate court must give effect to the intention of the legislature rather than determine what the law should or should not be. *State v. Proffitt*, 261 Kan. 526, 532, 930 P.2d 1059 (1997)." *State v. Lewis*, 263 Kan. 843, 847, 953 P.2d 1016 (1998).

K.S.A. 21-3201 provides: "Except as otherwise provided, a criminal intent is an essential element of every crime defined by this

code." This statute seems to require that defendant must have had a criminal intent in selling the beer to the underage patron. She argues that in selling a cereal malt beverage to a minor under a genuine belief that her customer was at least 21 years of age, she did not possess the necessary criminal intent to be found guilty of violating K.S.A. 21-3610a.

We conclude that defendant's belief as to her patron's age, no matter how innocent, is irrelevant in determining whether she is guilty of a violation of K.S.A. 21-3610a.

Of particular importance in this regard is K.S.A. 21-3202(2), which clearly provides: "Proof of criminal intent does not require proof that the accused had knowledge of the age of a minor, even though age is a material element of the crime with which he is charged." This statute makes knowledge of the age of a minor an irrelevancy in a prosecution under K.S.A. 21-3610a. It also requires the State to prove nothing more than general criminal intent. We conclude that since knowledge of the age of a minor is irrelevant, it follows that an innocent belief that the buyer is at least 21 years of age is also irrelevant and does not relieve a defendant from criminal responsibility for the sale of a cereal malt beverage to an underage buyer.

As indicated earlier, we conclude that the only intent required to be shown is general criminal intent. "[I]ntent may be established by proof that the conduct of the accused person was willful or wanton." *State v. Thompson*, 237 Kan. 562, 567, 701 P.2d 694 (1985). In *State v. Isley*, 262 Kan. 281, 936 P.2d 275 (1997), our Supreme Court upheld a conviction for aggravated indecent liberties with a child. The defendant in that case argued that intent was "an essential element of the charge of aggravated indecent liberties and the failure to instruct denied him of due process of law." 262 Kan. at 290. The Supreme Court answered this argument by saying:

"To be found guilty of aggravated indecent liberties with a child, as defined in K.S.A. 21-3504(a)(1), the State must only show that the defendant had sexual intercourse with the victims at a time when both victims were 14 or more years of age, but less than 16 years of age." 262 Kan. at 291-92.

The court concluded by saying: "The statute only requires proof that the defendant had sexual intercourse with the victims," thus, proof of a general criminal intent. 262 Kan. at 292. In *State v. Rush*, 24 Kan. App. 2d 113, 115, 942 P.2d 55, *rev. denied* 262 Kan. 968 (1997), this court held that "the very act of engaging in sexual intercourse with a child under 14 years of age establishes the crime [of rape]."

We analogize this case to the cases involving aggravated indecent liberties. We conclude that K.S.A. 21-3610a, when read along with K.S.A. 21-3202(2), requires only proof of a general criminal intent to establish the crime of selling cereal malt beverages to a minor. The only requirement under these circumstances is that the State must show that defendant willfully furnished a cereal malt beverage to a person under 21 years of age, which defendant admits. The willful furnishing of the cereal malt beverage to the underage buyer satisfies the requirement of general criminal intent. It is irrelevant what defendant thought the buyer's age may or may not have been at the time of the sale.

Affirmed.